679 So.2d 543 (1996)
STATE of Louisiana, Appellee,
v.
Larry Wayne McCRAY, Appellant.
No. 28531-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
*544 Randy E. Collins, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul Carmouche, District Attorney, Tommy J. Johnson, Assistant District Attorney, for Appellee.
Before NORRIS, HIGHTOWER and GASKINS, JJ.
HIGHTOWER, Judge.
Convicted on eight counts of armed robbery, La.R.S. 14:64, Larry Wayne McCray challenges, as excessive, his aggregate sentence requiring consecutive service of 105 years at hard labor without benefit of parole, probation or suspension. We affirm.

FACTS
Between January 24, 1990 and February 21, 1991, defendant and his accomplices participated in numerous bank robberies in the Shreveport area, taking a total of almost $120,000 from various institutions. Eventually, when authorities brought him to justice on July 27, 1992, a jury convicted McCray of eight counts of armed robbery as charged.
The district court sentenced defendant shortly after trial in August 1992, but later set aside that penalty determination after the filing of a motion for reconsideration. At the subsequent resentencing on October 24, 1995, the then-acting judge imposed a thirty-five-year term of hard labor imprisonment as to each count, without benefit of parole, probation or suspension of sentence. Further, upon dividing the counts into three groups or sets, viz., counts one through three, four through six, and seven through eight, the court ordered that all sentences be served concurrently with those imposed as to the same group but consecutively to any other sentence. Thus, in effect, the aggregate sentence required defendant to serve consecutively a total incarceration of 105 years, although the court directed that the punishment run concurrently with a seventy-year federal prison term meted out on several of the armed robberies. After the denial of a timely oral motion for reconsideration, this appeal ensued.

*545 DISCUSSION
In several assignments of error, defendant claims that his sentence is constitutionally excessive and that the district court failed to comply with the standards provided in La. C.Cr.P.Art. 894.1.[1]
The test imposed in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P.Art. 894.1(A)(B); State v. Smith, 433 So.2d 688 (La.1983); State v. Lanclos, 419 So.2d 475 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). Even so, the trial judge is not required to list every aggravating or mitigating circumstance, but need only state for the record the considerations taken into account and the factual basis therefor. La.C.Cr.P.Art. 894.1(C); State v. Smith, supra; State v. Lanclos, supra; State v. Jones, supra; see also, State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237. Thus, an appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P.Art. 881.4(D); State v. Smith, supra at 433 So.2d 688; State v. Lanclos, supra; State v. Jones, supra.
In the case sub judice, the court provided comprehensive oral reasons that reflect careful consideration of the provisions of La. C.Cr.P.Art. 894.1. While noting defendant to have been twenty-nine years of age and without any prior criminal record at the time of these offenses, the sentencing judge determined that the conduct in question threatened serious harm and, in fact, caused such harm in one instance. Moreover, he found no grounds justifying the behavior involved nor, considering the number of robberies committed, any reason why the conduct would not likely recur.
Continuing, the district court concluded that McCray's situation demonstrated the need for a custodial environment, noting that his criminal conduct created the risk of great bodily harm to several people during each robbery. In addition to finding that defendant planned and organized at least one of the eight robberies, the court observed that the violations constituted major economic offenses in which McCray and his accomplices robbed Pioneer Bank three times, Premier Bank four times, and Hibernia Bank once, causing total losses of $119,638 to those institutions. Finally, stating that he had "never [witnessed] anyone with eight offenses like this" during his criminal court experience since 1957, the sentencing judge characterized defendant as a person who engaged in "a systematic and dangerous crime spree."
Thus finding an adequately articulated factual basis for the sentence, we limit further review to the second prong or question, that concerning constitutional excessiveness. See State v. Smith, supra at 639 So.2d 237. For a discussion of the parameters applied in that determination, see La. Const.Art. I, § 20; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980).
Not oddly, McCray argues that the lower court erred in imposing consecutive terms of incarceration. It is within a trial court's discretion, however, to order sentences to run consecutively rather than concurrently. State v. Coates, 27,287 (La.App.2d Cir. 09/27/95), 661 So.2d 571, writ denied; State v. George, 26,867 (La.App.2d Cir. 04/05/95), 652 So.2d 1382, writ denied. Moreover, where the convictions stem from separate incidents involving different victims and occur over a lengthy period of time, the resulting consecutive penalties will not be found to be an abuse of that discretion. See State v. George, supra; State v. Tucker, 591 So.2d 1208 (La.App.2d Cir.1991), writ denied. We thus find no error in the district judge's decision in that regard.
Anent the general excessiveness claim, armed robbery is punishable by not less than five and no more than ninety-nine years at hard labor. La.R.S. 14:64(B). Without question, the crime is a serious offense *546 creating a highly explosive atmosphere in which victims, perpetrators, and bystanders may be injured or killed. State v. Curry, 593 So.2d 860 (La.App.2d Cir.1992). Clearly then, upon considering the record before us, the numerous factors set forth by the sentencing judge, and the alarming nature of the robbery spree involved, the penalty imposed here cannot be said to inflict pain and suffering unnecessarily. Cf. State v. Tucker, supra, approving consecutive sentences of forty-five years each for two armed robberies and thirty years for a first degree robbery where the defendant robbed several gas stations over a one-month period; State v. Kelly, 576 So.2d 111 (La.App.2d Cir.1991), writ denied, affirming three consecutive thirty-three-year sentences for a first-time offender who engaged in a crime spree involving robberies of several grocery stores; State v. Moore, 575 So.2d 928 (La.App.2d Cir.1991), sustaining sixty-year consecutive terms for two separate armed robberies of the same pizza parlor. Plainly put, the sentences before us are not constitutionally excessive.

CONCLUSION
For the foregoing reasons, we affirm the convictions and sentences.
AFFIRMED.
NOTES
[1] Defendant's sentencing occurred after the effective date of the legislation repealing the Louisiana Sentencing Guidelines and essentially reinstating the former provisions of La.C.Cr.P.Art. 894.1. See Acts 1995, No. 942.