700 So.2d 1058 (1997)
STATE of Louisiana, Appellee,
v.
Ralph PORTER, Appellant.
No. 29638-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1997.
*1059 Lavelle B. Salomon, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Charles Brumfield, L. Douglas Lawrence, Assistant District Attorneys, for Appellee.
Before HIGHTOWER, GASKINS and PEATROSS, JJ.
GASKINS, Judge.
The defendant, Ralph David Porter, appeals as excessive his aggregate sentences of fifteen years at hard labor following his guilty plea to eight counts of indecent behavior with juveniles. We affirm the defendant's convictions and sentences.

FACTS
The defendant, a twenty-one-year-old Sunday School teacher, used his church position to sexually exploit young boys in the congregation. After one child informed his parents of the defendant's activities, an investigation ensued which revealed that the defendant had engaged in illegal sexual conduct with numerous boys between the ages of 12 and 16. The investigation by police revealed:
The defendant got a 14-year-old alone in the teen's bedroom and showed the boy the defendant's private parts. Later the defendant showed the 14-year-old pornographic movies at defendant's house and masturbated in front of the teenager. The *1060 defendant also told the 14-year-old that he had engaged in oral sex with boys from the defendant's church youth group.
The defendant performed oral sex on a 13-year-old and tried to persuade the young teen to perform the same sexual act on him. The defendant also showed this youth pornographic movies several times in the summer of 1995 and masturbated in his presence. This victim's father charged that the defendant "hunted the kids that were involved in school and church" and noted the youngest victims felt they had been stigmatized. The father further observed that many of the victims had become sullen and withdrawn.
The defendant showed a 15-year-old complainant a pornographic magazine and movies. The defendant masturbated in front of this teen after showing him a pornographic movie, then performed oral sex on the teenager. The defendant attempted anal sex with this victim, but the 15-year-old asked him to stop.
The defendant showed pornographic movies to a 16-year-old boy at least on ten occasions, and also masturbated with the victim and the other boys who were present.
On the way to pick up his wife, the defendant detoured to a cemetery with a 12-year-old and performed oral sex on the boy. The defendant also showed a pornographic movie to the preteen and masturbated in front of the boy. The defendant later called the boy to come back to defendant's house, enticing him with offers of golf and a movie. The victim's parent described the defendant as a "wolf in lamb's clothing" who had exploited his church membership to gain access to children.
The defendant also showed videos depicting "naked people" to a 13-year-old, and once touched this victim's private area outside his clothing, although the boy was not sure if it was intentional.
The defendant showed a 15-year-old boy, along with some friends, an "adult sex movie."
The defendant played a pornographic movie for a 16-year-old boy and some friends.
The defendant was arrested and voluntarily gave a recorded statement to law enforcement officials. The defendant admitted showing a pornographic movie to the boys on various occasions and admitted that they masturbated together. He further admitted showing a pornographic magazine to some of the boys and admitted having oral sex with two boys.
On November 14, 1995, the defendant was charged in an amended grand jury indictment with 30 counts of indecent behavior with juveniles, La. R.S. 14:81; three counts of sexual battery, La. R.S. 14:43.1; and two counts of oral sexual battery, La. R.S. 14:43.3. Pursuant to a plea bargain agreement, the defendant was allowed to plead guilty to eight counts of indecent behavior with juveniles. In exchange for the plea, the other charges in the indictment were dismissed.
Prior to sentencing, the court ordered a presentence investigation report (PSI). The defendant also submitted letters from numerous individuals vouching for his "good character." In addition, the defendant submitted his own letter to the court in which he stated that he was sorry and that he had made a "huge mistake." He asked the court not to sentence him to imprisonment. In the letter, the defendant sought to deny his guilt in some instances, even though he admitted his actions in a statement to law enforcement officials and in his guilty plea. In other instances he sought to attribute fault for offenses to the victims, stating that the boys came to his house voluntarily and some were already sexually experienced.
Before imposing sentence, the district judge reviewed the information presented in the PSI as well as the defendant's submissions. The judge sentenced the defendant to five years at hard labor on Count 11 of the indictment, four years at hard labor on Count 29, and four years at hard labor on Count 21. These sentences were to be served consecutively to one another. He sentenced the defendant to two years at hard labor on both Count 1 and Count 18. These sentences *1061 were to be served concurrently with one another but consecutively with the sentences imposed in Counts 11, 19, and 21. The judge sentenced the defendant to three years at hard labor on Count 15, three years at hard labor on Count 16, and three years at hard labor on Count 17. These three sentences, which were to be served concurrently to one another, were suspended and the defendant was placed on supervised probation for four years with the probationary period to commence immediately upon the defendant's release from incarceration. The trial judge provided that the sentence of probation may be served coterminously while on parole, in the event the defendant obtains parole.
The sentences amounted to 15 years of imprisonment followed by four years of probation. The trial judge elected not to impose a fine or to deny the defendant good time pursuant to La. R.S. 15:537. The defendant filed a motion for reconsideration of sentence which was denied by the trial court on September 26, 1996. The defendant now appeals, arguing that the sentence was excessive. He contends that the sentencing court did not adequately consider mitigating factors, did not sufficiently articulate the reasons for the sentences imposed, failed to appropriately consider the undue hardship the sentence would impose on the defendant, and did not adequately consider the defendant's youth, emotional immaturity and limited education and intellectual abilities. We find these arguments to be without merit.

DISCUSSION
The test imposed in determining excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1(A) & (B). State v. Smith, 433 So.2d 688 (La.1983); State v. McCray, 28,531 (La.App.2d Cir. 8/21/96), 679 So.2d 543. Even so, the trial judge is not required to list every aggravating or mitigating circumstance, but need only state for the record the considerations taken into account and the factual basis for the sentence imposed. La.C.Cr.P. art. 894.1(C); State v. Smith, supra; State v. McCray, supra. Thus, an appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D); State v. McCray, supra.
In this case the court considered the facts that the victims were children and were injured by these offenses, along with their families. The court also noted that the defendant's comments prior to sentencing showed that he minimized the gravity of the offenses and the effect of his crimes upon the victims and their families. The court noted that the victims were particularly susceptible to the defendant because of their young age and the defendant's position. The court noted that the defendant lured the young victims by offering them meals and other recreational activities such as basketball and driving the defendant's car. The court noted that the defendant characterized his actions as a "huge mistake." The court pointed out to the defendant that he made a choice in these offenses, not a mistake.
As mitigating factors, the court considered the defendant's youth, his lack of a criminal record and that he was employed. The court also noted that the defendant was not articulate and was a poor student in school.
The sentencing court found that the serious nature of these offenses, the number of victims and the length of time over which the offenses occurred precluded the granting of a probated sentence. The court found that the facts of this case required that the defendant be placed in a correctional environment.
Based upon these factors, we find that the record shows that the trial court adequately considered the factors set forth in La.C.Cr.P. art. 894.1 and adequately articulated for the record the factors considered in sentencing the defendant. Thus finding an adequately articulated factual basis for the sentences, we next consider the second prong or question in an excessiveness inquiry, whether the sentences imposed are unconstitutionally excessive.
Whether the sentence imposed is too severe depends upon the circumstances of the case and the background of the defendant. To determine whether a particular sentence is excessive, the reviewing court must decide whether it is so disproportionate *1062 to the severity of the crime as to shock the sense of justice. State v. Marshall, 94-0461, (La.9/5/95), 660 So.2d 819; State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973; State v. Lobato, 603 So.2d 739, 751 (La.1992). A sentence is unconstitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Baxley, supra; State v. Lobato, supra.
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently, unless the court expressly directs that some or all be served consecutively. La.C.Cr.P. art. 883. Concurrent sentences are not mandatory, nor are consecutive sentences necessarily excessive, simply because two convictions stem from the same course of conduct. State v. Coates, 27,287 (La.App.2d Cir. 9/27/95), 661 So.2d 571, writ denied, 95-2613 (La.2/28/96), 668 So.2d 365. It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. McCray, supra. Where the convictions stem from separate incidents involving different victims and occur over a lengthy period of time, the resulting consecutive penalties will generally not be found to be an abuse of that discretion. State v. McCray, supra.
We find that the sentences imposed upon this defendant are not unconstitutionally excessive. The defendant exploited his position of influence and trust as a Sunday School teacher to bring himself into unsupervised contact with young boys. Furthermore, the defendant's letter to the court showed no remorse for his victims, and an unwillingness to accept responsibility for his actions. The defendant's letter seeks to excuse his actions as a group error and he attempts to attribute fault to his young victims by claiming that some were already sexually experienced before he met them. Even though the defendant pled guilty to eight counts of indecent behavior with juveniles, in his letter to the court, the defendant attempts to evade admitting guilt and professes not to remember acts of which he was accused.
The penalty for indecent behavior with juveniles is a five thousand dollar fine and seven years at hard labor. In this case, the defendant was not sentenced to the maximum period of incarceration on any of the counts to which he pled guilty and the sentencing court imposed no fines upon him. Further, the court chose not to deny the defendant diminution of his sentence for good behavior, as it might have done under La. R.S. 15:537. The defendant also received a substantial benefit by virtue of his plea bargain agreement. The defendant was originally charged with thirty-five counts of sex crimes, as discussed above, and faced a sentencing exposure of several lifetimes. By virtue of the plea agreement whereby the defendant was allowed to plead guilty to only eight counts of indecent behavior with juveniles, he greatly reduced his sentencing exposure. We further find that the trial court's decision to order that some of the sentences be served consecutively is supported by the record and the court's reasons for sentencing.
Based upon the heinous nature of the offenses involved in this case and the defendant's lack of remorse, we find that the sentence imposed is not excessive

CONCLUSION
For the reasons stated above, we affirm the convictions and sentences of the defendant, Ralph David Porter.
AFFIRMED.