| iGASKINS, Judge.
The defendant, Michael Taylor, appeals as excessive his sentence of five years at hard labor following his guilty plea to one count of public intimidation of a police officer. We affirm the conviction and sentence.
FACTS
On May 16, 1996, the defendant broke through the front door of a Minden residence, unlawfully entered the home, struck one of the female occupants several times with his fist and with a bottle, in the presence of witnesses. The victim sustained a bloody nose and cuts on her arms and legs. The defendant also damaged the victim’s furniture during the course of the attack. A short time later, a police officer saw defendant inside a grocery store and attempted to place him under arrest, in the presence of witnesses. The defendant struck the police officer in the face and fled. A few minutes later, four police officers found defendant. While they were placing him under arrest, he repeatedly said he would kill one of the officers.
The defendant was originally charged with simple battery, unauthorized entry of an inhabited dwelling, battery of a police officer, resisting arrest, criminal damage to property and two counts of public intimidation of a police officer. The prosecution agreed to accept defendant’s guilty plea to one count of public intimidation of a police officer and to dismiss all remaining charges. The district *52 court imposed the maximum sentence of five years at hard labor. The defendant timely filed a motion to reconsider the sentence, arguing excessiveness. The trial court denied the motion. The defendant now appeals.
DISCUSSION
The test imposed in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1(A) & (B). State v. Smith, 433 So.2d 688 (La.1983); State v. McCray, 28,531 (La.App.2d Cir. 8/21/96), 679 So.2d 543. The trial judge is not required to list every aggravating and mitigating circumstance, but need only state for the record the considerations taken into account and the factual basis for the sentence imposed. La.C.Cr.P. art. 894.1(C); State v. Smith, supra; State v. McCray, supra. Thus, an appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D); State v. McCray, supra. The defendant in the present ease has not suggested that the trial court’s articulation of reasons for sentence were deficient. However, as will be demonstrated below, the reasons for sentencing pronounced by the trial court were adequate to satisfy this element of the inquiry.
The second prong or question in an excessiveness inquiry is whether the sentence imposed is unconstitutionally excessive. Whether the sentence is too severe depends upon the circumstances of the case and the background of the defendant. To determine whether a particular sentence is excessive, the reviewing court must decide whether it is so disproportionate to the severity of the crime as to shock the sense of justice. State v. Marshall, 94-0461, (La.9/5/95), 660 So.2d 819; State v. Baxley, 94—2982 (La.5/22/95), 656 So.2d 973; State v. Lobato, 603 So.2d 739 (La.1992). A sentence is unconstitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Baxley, supra, State v. Lobato, supra.
As a general rule, maximum sentences are reserved for the worst offenders and the worst offenses. State v. Sepulvado, 26,948 (La.App.2d Cir. 5/10/95), 655 So.2d 623, writ denied 95-1437 (La.11/13/95), 662 So.2d 465; State v. Anderson, 29,282 (La.App.2d Cir. 6/18/97), 697 So.2d 651; State v. Madison, 535 So.2d 1024 (La.App. 2d Cir. 1988); State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). Where the defendant has pled guilty to an offense which does not adequately describe his conduct, however, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. State v. Foster, 29,459 (La.App.2d Cir. 6/18/97), 697 So.2d 616. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir. 2/28/96), 669 So.2d 667, writ denied 96-0836 (La.9/20/96), 679 So.2d 430.
In sentencing the defendant, the court noted that it considered the seriousness of the offense and the defendant’s prior criminal record. The court observed that the defendant’s plea bargain secured dismissal of two felony charges. Further, the female victim in this case had also been the victim in one of the defendant’s prior criminal rampages. The presentenee investigation report (PSI) reviewed by the court prior to sentencing provided extensive information concerning this 27-year-old defendant. He had convictions in 1991 for illegal use of a weapon, criminal trespass and ciiminal mischief. In 1992 he was convicted of simple battery, disturbing the peace and a second simple battery. He beat a female and gained his third conviction for simple battery in 1993. In 1994 he was convicted of simple criminal damage to property. In 1995 defendant was convicted on two counts of battery on a police officer in which both victims required medical attention.
After his 1996 arrest on the instant charges, defendant was arrested for second degree battery, unauthorized entry, three counts of battery on a police officer, two *53 counts of resisting arrest, disturbing the peace, and criminal damage to property. Those offenses were resolved when defendant pled guilty to simple Rbattery and secured dismissal of the remaining charges. The defendant was sentenced to sixty days, the sentence was suspended, and the defendant was placed on active supervised probation for one year. He was also fined $500.00 and ordered to pay restitution to the victim. At the sentencing hearing, the defendant’s probation officer testified that the defendant had made no payments toward the fine, costs, or restitution, had not reported at all and had not paid his monthly probation fees.
In February, 1997, the defendant pled guilty to additional charges of resisting arrest and disturbing the peace after the state agreed not to charge him with a related offense of cruelty to a juvenile. The PSI also indicates that at the time the defendant was sentenced on the present offense, charges of contempt of court and distribution of cocaine were pending against him.
The court then reviewed defendant’s arrests which had either been nol-prossed or which had been dismissed as a result of plea bargains. These included charges of disturbing the peace (two counts), carrying a concealed weapon, resisting arrest, flight from an officer, armed robbery, aggravated burglary, simple robbery, simple battery, and forcible rape.
On this record, we do not find an abuse of the district court’s discretion. Defendant obtained a substantial benefit from his plea bargain. The period of incarceration is appropriate for this mature offender, with an extensive history of similar offenses involving violence to persons and assaultive behavior upon women and police officers. He presents no special circumstances which mandate a reduction of the sentence imposed and he poses a danger to society. Under the circumstances of this ease, considering both the seriousness of the offense and the defendant’s extensive misdemeanor record, demonstrating a marked proclivity for |5violent behavior, the sentence imposed does not shock the sense of justice and is not unconstitutionally excessive.
We have examined the record for error patent and found none.
CONCLUSION
For the reasons stated above, the conviction and sentence of the defendant, Michael Taylor, are affirmed.
AFFIRMED.