liGASKINS, Judge.
The defendant, Billy Joe Cosby, pled guilty to possession of cocaine in exchange for the state’s agreement to dismiss an unrelated charge of middle-grade theft. The trial court sentenced him to a term of five years at hard labor and denied a timely motion for reconsideration. The defendant appeals his sentence as excessive. We affirm.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Taylor, 30,231 (La.App. 2d Cir.10/29/97), 702 So.2d 50. The second prong or question in an excessiveness inquiry is whether the sentence imposed is unconstitutionally excessive. To determine whether a particular sentence is excessive, the reviewing court must decide whether it is so disproportionate to the severity of the crime as to shock the sense of justice. State v. Marshall, 94-0461 (La.9/5/95), 660 So.2d 819; State v. Taylor, supra.
In addition to a prior felony conviction for aggravated battery, the 54-year-old defendant has a lengthy history of misdemeanor offenses beginning in 1964. The majority of these prior offenses are thefts or substance abuse-related crimes. By his own admission, the defendant began using marijuana in 1962 and crack cocaine in 1988. In the instant offense, he was found to be in possession of numerous items of drug paraphernalia which had cocaine residue.
In imposing sentence, the trial court duly considered the mitigating and aggravating factors and found that this experienced defendant was deserving of the | maximum sentence of five years. Our sense of justice is not shocked, and we find no abuse of the trial court’s discretion in imposing sentence. Ac *281 cordingly, the defendant’s sentence is affirmed.
AFFIRMED.
STEWART, J., dissents with reasons.