779 So.2d 835 (2000)
STATE of Louisiana
v.
Thaddeus A. GREEN.
No. 99-KA-2847.
Court of Appeal of Louisiana, Fourth Circuit.
November 29, 2000.
*836 Harry F. Connick, District Attorney, Charles E.F. Heuer, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judge BYRNES, Judge KIRBY and Judge LOVE.
LOVE, Judge.

STATEMENT OF THE CASE
On May 15, 1998, appellant Thaddeus Green and co-defendant Synedra Williams were charged by bill of information with distribution of cocaine. Following a motion hearing on June 3, 1998, the trial court found probable cause as to both defendants and denied the motion to suppress. On September 10, 1998, the trial court granted the appellant's motion to sever. On November 19, 1998, a jury found the appellant to be guilty as charged. On December 18, 1998, the State filed a multiple bill charging the appellant as a fourth offender. On March 22, 1999, the trial court found the appellant to be a fourth felony offender and sentenced him to life imprisonment without probation or suspension of sentence.

STATEMENT OF THE FACTS
On the evening of March 31, 1998, Officers Matthew Fihlman and Melvin Hunter were undercover on pro-active patrol in the Treme area looking for drug activity, when co-defendant Synedra Williams flagged them over. She went to the passenger side of the non-traditional undercover police car and asked the officers *837 what they needed. Officer Hunter, who was the passenger in the car, responded that he was looking for a "20." Officer Fihlman explained that, a "20" is street language for a twenty-dollar rock of crack cocaine. Ms. Williams then called out to the appellant, Thaddeus Green. Green walked over to the driver's side of the car and asked the officers what they needed. Officer Hunter started to respond, but Ms. Williams interrupted him and told the appellant that they were looking for a "20." The appellant asked them if they were police officers. They responded negatively. The appellant then reached into his right front pants pocket and handed Officer Hunter a rock of crack cocaine wrapped in plastic. Officer Hunter then handed the appellant a twenty-dollar bill that had been pre-recorded prior to the patrol.
The officers then drove away and radioed the takedown unit that a transaction had occurred. They described the perpetrators so that the back-up officers could proceed with the arrests. Officers Fihlman and Hunter then drove past the scene again to confirm that the officers had arrested the corrected individuals. Officer Patrick Evans was one of the arresting officers. He observed the appellant drop a glass crack pipe and a twenty-dollar bill as he ran away from the uniformed arresting officers. After detaining the appellant, Officer Evans retrieved the discarded items. By radio, he confirmed that the serial number on the twenty-dollar bill that the appellant had dropped was the same bill which had been photographed prior to the patrol.
The appellant testified that he was on his way home to smoke his hit of cocaine when Ms. Williams approached and asked him for a hit. He refused her request because he only had one. A short time later, Ms. Williams told him she could sell his hit for twenty dollars, if he would give her ten dollars from the sale. He testified that he could then use the other ten to buy another hit for himself.

ASSIGNMENT ONE
The appellant argues that the jury erred in finding him guilty because the evidence indicated that he was induced to make the sale, and the State failed to prove that he had a predisposition to commit the crime.
The defense of entrapment was discussed at length in State v. Brand, 520 So.2d 114 (La.1988), as follows:
Entrapment is a defense which arises when a law enforcement official or an undercover agent acting in cooperation with such an official, for the purpose of obtaining evidence of a crime, originates the idea of the crime and then induces another person to engage in conduct constituting the crime, when the other person is not otherwise disposed to do so. The defense is designed to deter the police from implanting criminal ideas in innocent minds and thereby promoting crimes which would not otherwise have been committed. Obviously, law enforcement agents should not persuade citizens to commit crimes, and the defense is recognized to prevent shocking police inducement of the perpetration of a crime.
Entrapment is an affirmative defense. Thus, the burden was on defendant to prove entrapment by a preponderance of the evidence. The question whether the government agent implanted the criminal idea in the mind of an innocent person to induce the commission of a crime that would not otherwise be committed is one for the jury.
The entrapment defense will not be recognized when the law enforcement official merely furnishes the accused with an opportunity to commit a crime to which he is predisposed. In entrapment cases, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal. Thus, the focus in determining an entrapment defense is on the conduct and predisposition of the defendant, as well *838 as the conduct of the government agent. (Citations omitted).
520 So.2d at 117.
Entrapment arguments are reviewed on appeal pursuant to the sufficiency of evidence standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Alford, 99-0299 (La.App. 4 Cir. 6/14/00), 765 So.2d 1120; State v. Long, 97-2434 (La.App. 4 Cir. 8/25/99), 744 So.2d 143, writ denied, 1999-2780 (La.3/17/2000), 756 So.2d 1140.
The entrapment defense is composed of two elements: (1) an inducement by a state agent to commit an offense; and (2) lack of a predisposition to commit the offense on the part of the defendant. State v. Francis, 98-811 (La.App. 5 Cir. 1/26/99), 727 So.2d 1235, 1238, writ denied, 99-0671 (La.6/25/99), 746 So.2d 597. Thus, when reviewing a claim for entrapment a reviewing court must first determine whether the defendant proved by a preponderance of the evidence that he was induced to commit the crime. State v. Long, 97-2434, p. 11, 744 So.2d at 150-151. The question of whether the government agent induced an innocent person to commit a crime that he would not otherwise commit is for the jury to decide. State v. Bradford, 32-747 (La.App. 2 Cir. 10/27/99), 745 So.2d 800.
In the instant case, two officers testified that Ms. Williams flagged them down and asked what they needed. She then called the appellant over. According to the officers, the defendant walked over to their car and immediately asked them what they wanted. He hesitated in making the sale only long enough to ask his intended purchasers if they were police officers. If the officers are to be believed, then surely the appellant was a willing part of the operation to distribute cocaine.
Even if one believes the testimony of the appellant, that Ms. Williams conferred with him before he agreed to the sale, there was no evidence of any inducement by the officers for him to commit the crime. Further according to the appellant's testimony, even Ms. Williams made no promise to the appellant in return for his participation in the transaction. He would merely retain ten of the twenty dollars and purchase another rock. The appellant would then, at best, be back where he was prior to the sale.
Considering the testimony of the officers and the testimony of the appellant, the evidence was sufficient for a rational jury to find beyond a reasonable doubt that the appellant was not induced by the officers to commit an offense to which he was not otherwise predisposed.

ASSIGNMENT TWO
The appellant argues that the trial court erred by finding him to be a fourth felony offender. He avers that there was no showing that the predicate pleas were knowing and voluntary, and that evidence of identity was insufficient as to one of the predicates.
As to the identification issue, the appellant avers that the fingerprints in State's exhibit 5 do not match the appellant's fingerprints taken on the date of the multiple bill hearing. In that case, CDC # 347-349, the appellant and two co-defendants were arrested on December 17, 1990 and charged with theft of merchandise valued at between $100 and $500. The fingerprints on the back of the bill of information are clearly marked as the prints of co-defendant Timothy Walker.
Various methods are available to prove that the defendant on trial is the same person convicted of the prior felony offense, such as by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, by photographs contained in a duly authenticated record, or by evidence of identical driver's license number, sex, race and date of birth. State v. Westbrook, 392 So.2d 1043 (La. 1980); State v. Henry, 96-1280 (La.App. 4 Cir. 3/11/98), 709 So.2d 322.
*839 In the predicate at issue, the fingerprints from the certified arrest register matched the appellant's prints taken immediately prior to the multiple bill hearing. The arrest register indicates the same name, address, date of offense and type of offense as the bill of information. The arrest register further indicates the same date of birth, folder number and magistrate number as the docket master in that case. The docket master indicates that the appellant pled guilty as charged. The State further produced a minute entry of the appellant's multiple bill plea in that case. The evidence was thus sufficient to prove that the appellant was the same person convicted of that prior offense.
As to the proof of voluntariness, the appellant notes State v. Shelton, 621 So.2d 769, (La.1993), then cites prior law relative to the sufficiency of various forms of proof on this issue. In Shelton, 621 So.2d 769 (La.1993), the Louisiana Supreme Court revised the previous scheme of burdens of proof in habitual offender proceedings, as follows:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between and judge defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights.
Shelton at 779-780.
In the instant case, there is a waiver of rights form signed by the judge, defense counsel and the appellant for each of the predicate convictions. In addition, each of these forms contains the three Boykin rights, with the appellant's initials next to each right waived. (R. 63, 74, 82). The appellant gave no testimony nor did he produce any other evidence contradicting the State evidence.
The State met its initial burden, under Shelton, of proving the existence of the pleas and that the appellant was represented by counsel when they were made. The defendant failed to rebut this presumption of regularity by any affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the pleas. Accordingly, the trial court did not err by finding that the predicate pleas were constitutionally made and adjudicating the appellant a fourth felony offender.

ASSIGNMENT THREE
The appellant argues that the statutory minimum sentence of life imprisonment is constitutionally excessive as applied in this case. He further avers that the trial judge erred in his failure to articulate the reasons for the sentence, as required by La. C.Cr.P. art. 894.1.
An appellate court reviews sentences for constitutional excessiveness under La. Const. Art. I, § 20. A sentence is constitutionally excessive it if makes no measurable contribution to acceptable goals of punishment or is the purposeless imposition of pain and suffering and is *840 grossly out of proportion to the severity of the crime. Courts have the power to declare a sentence excessive even if it falls within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). In addition, the trial court has the authority to reduce a statutory minimum sentence if it would be unconstitutionally excessive. State v. Fobbs, 99-1024 (La.9/24/99), 744 So.2d 1274; State v. Dorthey, 623 So.2d 1276 (La.1993). However, to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is exceptional in that, because of unusual circumstances, the defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Young, 94-1636 (La. App. 4 Cir. 10/26/95), 663 So.2d 525, 531, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223.
The appellant's conviction for distribution of cocaine, as a fourth offender, carries a mandatory sentence of life imprisonment without benefit of parole, probation, or suspension of sentence. La. R.S. 15:529.1(A)(1)(c)(ii). When the statute provides for a mandatory sentence, it is an exercise in futility for the trial court to enumerate its reasons for sentencing. State v. Hayden, 98-2768 (La.App. 4 Cir. 5/17/00), 767 So.2d 732; State v. Williams, 445 So.2d 1264, writ denied, 449 So.2d 1346 (La.1984).
In the instant case, trial counsel noted that the appellant possessed only one small rock of cocaine. He argued that the appellant never intended to distribute cocaine, but was persuaded to do so by Ms. Williams as a result of the police activity. This argument was contrary to the credible evidence and was rejected by the jury at trial and the judge at sentencing. In addition, the appellant's most recent offense, distribution of cocaine, was more serious than his prior offenses. The appellant thus cannot convincingly argue that his violent or most serious offense was in the distant past. Accordingly, the appellant has failed to show that his case is exceptional, and that the life sentence imposed is unconstitutionally excessive.
The conviction and sentence are affirmed.
AFFIRMED.