817 So.2d 288 (2002)
STATE of Louisiana
v.
John BROOKS.
No. 2000-KA-2337.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 2002.
*289 Kyla Blanchard-Romanach, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Harry F. Connick, District Attorney, William L. Jones, III, Assistant District Attorney, New Orleans, LA, for the State of Louisiana/Appellee.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR).
Judge TERRI F. LOVE.
This appeal concerns only the resentencing of appellant, John Brooks, who received two consecutive terms of life imprisonment without benefits after convictions on two counts of first-degree murder.
John Brooks was charged by bill of indictment with eight counts of first degree murder, violations of La. R.S. 14:30, on February 19, 1987. This case concerns counts three and four on which he was tried on February 19-22, 1991. He was convicted and sentenced to death on February 22, 1991. On appeal the Louisiana Supreme Court affirmed the convictions and vacated the death sentences, remanding the case for a new trial on the penalty phase only. State v. Brooks, 92-3331 (La.1/17/95), 648 So.2d 366.
A hearing to determine whether the appellant was competent to proceed to the penalty phase was begun on August 18, 1995, and, after five days of testimony, the court ruled on January 19, 1996, that John Brooks was not competent. He was sent to Angola for treatment, and on December 6, 1996, the court granted the State's motion to resume competency proceedings. On April 4, 1997, he was found to be competent. The appellant filed a writ application with this court, contesting the competency holding; however, his writ was denied. State v. Brooks, 97-1053 (La. App. 4 Cir. 11/12/97), 701 So.2d 272.
After a five-day penalty phase trial held on December 1-5, 1997, the jury could not reach a unanimous verdict. Brooks waived all legal delays and was then sentenced to two consecutive life sentences without benefits of parole, probation, or suspension of sentence; the sentences are to run consecutively to the other sentences the appellant is serving. On February 27, 1998, this court granted an out-of-time appeal on the sentences.
The record on appeal contains the transcript of the actual sentencing, but it does not contain the transcript of the five-day sentencing trial that occurred on December 1-5, 1997.
The defense filed a motion to supplement the record with the transcript of the *290 sentencing hearing among other documents, and after this Court ordered that the record be supplemented with the docket master only, the defense took a writ application to the Louisiana Supreme Court; the writ was denied. State v. Brooks, XXXX-XXXX (La.9/21/01), 797 So.2d 67.
The trial transcript is not part of the record. However, the facts are presented in State v. Brooks, 648 So.2d at 367-369.
Counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel's detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed the available transcript and found no trial court ruling that arguably supports the appeal. A copy of the brief was forwarded to appellant, and this court informed him that he had the right to file a brief in his own behalf.
The appellant filed a pro se brief arguing that his two consecutive life sentences are constitutionally excessive. He also objects that his sentences were imposed to run consecutively as well as consecutively to the other four life sentences he is serving.
Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992); State v. Telsee, 425 So.2d 1251 (La.1983).
The life sentences imposed in this case are the mandatory minimum terms prescribed by the legislature. Because the trial court did not exercise discretion in determining this sentence, "to require a listing of the factors considered would be an exercise in futility." State v. Carter, 32-733, p. 2 (La.App.2d Cir.10/27/99), 746 So.2d 711, 713. Furthermore, the facts of this case provide an adequate basis for imposition of the statutorily mandated life sentences for these two first-degree murders.
The law concerning consecutive sentences, La.C.Cr.P. art. 883, provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
In State v. McCray, 28,531 (La.App. 2 Cir. 8/21/96), 679 So.2d 543, the Second Circuit stated:
It is within a trial court's discretion, however, to order sentences to run consecutively rather than concurrently. State v. Coates, 27,287 (La.App. 2 Cir. 9/27/95), 661 So.2d 571, writ denied [95-2613 (La.2/28/96), 668 So.2d 365]; State v. George, 26,867 (La.App. 2 Cir. 4/5/95), *291 652 So.2d 1382, writ denied [95-1151 (La.9/29/95), 660 So.2d 855]. Moreover, where the convictions stem from separate incidents involving different victims and occur over a lengthy period of time, the resulting consecutive penalties will not be found to be an abuse of that discretion. [Emphasis added].
Id. at p. 3, 679 So.2d at 545.
Here, the crimes consisted of two distinct offenses; they affected different victims at different times and at different locations. Moreover, the appellant's criminal history indicates he is a risk to public safety. He has been convicted of murder six times. In light of these factors, the trial court did not abuse its discretion in ordering that the sentences be served consecutively. State v. Johnson, 97-867 (La. App. 5 Cir. 4/15/98), 711 So.2d 848; State v. Barnett, 96-2050 (La.App. 1 Cir. 9/23/97), 700 So.2d 1005.
As per State v. Benjamin, this Court performed an independent, thorough review of the bill of indictment and transcript in the appeal record. Appellant was properly charged by bill of indictment with two violations of La. R.S. 14:30, and the bill was signed by the foreman of the Grand Jury. Appellant was present and represented by counsel at sentencing, and the sentences are legal in all respects. Our review of the record reveals no nonfrivolous issue and no trial court ruling that arguably supports the appeal. Therefore, we affirm the appellant's sentences. Further, appellate counsel's motion to withdraw is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED