LDOUCET, C.J.,
dissenting.
I would affirm the consecutive sentences imposed by the trial court. In the original opinion in this matter, this court remanded the case for re-sentencing in accordance with this court’s opinion.
Although this court does not generally reconsider its own rulings on a subsequent appeal, this “law of the case” doctrine is discretionary. State v. Watson, 99-1448 (La.App. 4 Cir 8/28/02); 774 So.2d 232. “[T]his court will generally not follow the doctrine if the prior ruling was clearly erroneous and would result in manifest injustice.” Id. at p. 21; 774 So.2d at 243. After examining the record in this case, it appears that the court’s prior ruling was erroneous in that the trial court was within its discretion in imposing consecutive sentences.
The Supreme Court in State v. Porter, 29,638, pp. 5-6 (La.App. 2 Cir. 9/24/97); 700 So.2d 1058, 1062 (emphasis added), explained that:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently, unless the court expressly directs that some or all be served consecutively. La.C.Cr.P. art. 883. Concurrent sentences are not mandatory, nor are consecutive sentences necessarily excessive, simply because two | ¡.convictions stem from the same course of conduct. State v. Coates, 27,287 (La.App.2d Cir. 9/27/95), 661 So.2d 571, writ denied, 95-2613 (La.2/28/96), 668 So.2d 365. It is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. McCray, 28,531 (La.App. 2d Cir.8/21/96), 679 So.2d 543. Where the convictions stem ■from separate incidents involving different victims and occur over a lengthy period of time, the resulting consecutive penalties will generally not be found to be an abuse of that discretion. State v. McCray, supra.
After considering the cases cited by this court in its original opinion herein, the trial court concluded, and I agree, that the case before her was distinguishable from those cited by this court. As the trial court stated at re-sentencing, this case concerns four victims with abuse occurring over a period of five years. After examining the facts of this case in light of the jurisprudence cited by this court in the previous opinion in this matter and in light of the Supreme court’s decision in Porter, 700 So.2d 1058, I find no error in the trial court’s decision to re-impose consecutive sentences.
Consequently, I respectfully dissent from the majority opinion herein.