JOAN BERNARD ARMSTRONG, Chief Judge.
|,The defendant, Deitray Lomax, appeals his Habitual Offender conviction and his life sentence. For the following reasons, we affirm both.

STATEMENT OF CASE

On July 12, 2007, the State charged the defendant with one count of possession of heroin, a violation of La. R.S. 40:966(0(1), and one count of being a convicted felon in possession of a handgun, a violation of La. R.S. 14:95.1.
At his arraignment on July 17, 2007, the defendant entered a plea of not guilty. The defendant filed a number of pre-trial motions, including motions to suppress the statement and the evidence. The trial court ruling denying the motions was issued on September 21, 2007.
Prior to trial on January 27, 2008, the defendant withdrew his prior plea and entered an Alford plea,[1] reserving his right to challenge all pretrial rulings pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The defendant waived delays, and the court sentenced him to ten years at hard labor on each count to run concurrently jgwith credit for time served. The defendant subsequently filed a motion to withdraw his guilty plea and for a new trial, which was granted on February 11, 2009.
The case came for trial on May 5, 2009. The jury found the defendant guilty on the possession of heroin charge but was unable to reach a verdict with respect to the weapons charge, on which the trial judge granted a mistrial.
On June 4, 2009, the court sentenced the defendant to ten years at hard labor with credit for time served, and the State charged the defendant as a triple offender pursuant to La. R.S. 15:529.1, based upon prior convictions for first degree robbery and simple robbery in Orleans Parish Criminal District Court.[2]
This Court upheld the defendant’s conviction on appeal. State v. Lomax, 2009-1129 (La.App. 4 Cir. 3/24/10), 35 So.3d 396, writ den., 2010-0935 (La.11/12/10), 51 So.3d 2.
On May 5, 2010, the defendant filed a motion seeking downward departure from the statutory minimum sentence established by the Habitual Offender Law, which the trial court denied on May 21, 2010.
At the multiple bill hearing on June 22, 2010, the trial court adjudged the defendant a multiple offender, vacated the defendant’s original sentence, and resen-tenced him as a triple offender to life imprisonment without benefit of ^probation, parole, or suspension of sentence. That same day, the defendant filed an oral motion for appeal.

STATEMENT OF FACT

The facts of this case are as set forth in Lomax, supra, and it is not necessary to restate them here, as the defendant appeals only his multiple offender adjudication and not his conviction for possession of heroin.

ASSIGNMENT OF ERROR NUMBER 1

In his first assignment of error, the defendant argues his adjudication as a triple offender is erroneous because the State *791 failed to prove his identity as the person convicted of two prior offenses listed in the multiple bill, and that he knowingly and voluntarily waived his constitutional rights, as required by Boykin v. Alabama, 395 U.S. 288, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), when he pled guilty to the predicate offenses. Additionally, the defendant contends that he was deprived of his right to a trial by jury and his right to have the multiple bill proceedings, which subjected him to life imprisonment, instituted by grand jury indictment.
La. R.S. 15:529.1 D(l)(b) states that the district attorney has the burden of proving beyond a reasonable doubt any issue of fact and that the presumption of regularity of judgment shall be sufficient to meet the original burden of proof. The State must establish the prior felony and prove that the defendant was the same person convicted of that felony. State v. Neville, 96-0137 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, 538-539. Proof of identity can be established through a number of ways, including expert testimony matching the fingerprints of the 14accused with those in the record of the prior proceeding. State v. Isaac, 98-0182 (La.App. 4 Cir. 11/17/99), 762 So.2d 25, 28-29. It is sufficient to match fingerprints on an arrest register to a defendant, and then match the arrest register to a bill of information and other documents evidencing conviction and sentence; this can be done through a date of birth, social security number, bureau of identification number, case number, specifics and details of the offense charged, etc. See State v. Payton, 2000-2899 (La.3/15/02), 810 So.2d 1127; State v. Anderson, 99-1407 (La.App. 4 Cir. 1/26/00), 753 So.2d 321.
In this case, the State alleged in the multiple bill that the defendant had pled guilty to simple robbery in 2002 in Case no. 433-575 and to first degree robbery in 2000 in Case no. 412-303.
At the multiple bill hearing, the State offered the testimony of NOPD Officer Joseph Pollard, an expert in latent fingerprint examination. Officer Pollard identified State’s Exhibit 2 as the fingerprints belonging to the defendant taken by Pollard in court on April 15, 2009. The witness then identified State’s Exhibit 1 as a certified copy of the penitentiary pack for the defendant’s conviction in Case no. 433-575 (simple robbery). The pack contained documents listing the defendant’s name, SID # 002157087, date of birth (12/8/81), social security number (XXX-XX-XXXX), folder number (00931527), date of release (9/16/06), photograph, copy of the bill of information containing fingerprints (taken 11/30/99), court minute entries and docket master for Case no. 433-575 memorializing the defendant’s conviction and sentence. Officer Pollard compared the fingerprints in State’s Exhibit 1 to the fingerprints contained on State’s Exhibit 2 and concluded they were identical and belonged to the defendant. Thus, the State has borne its burden | Bof proving the prior felony in Case no. 433-575 and that the defendant was the same person convicted of that felony.
Turning to proof offered by the State concerning the defendant’s identity in Case no. 412-303, the multiple bill hearing transcript offers no basis for Officer Pollard’s conclusion that the defendant is in fact the same person convicted of first degree robbery in that case. At the end of the State’s direction examination of Officer Pollard, the prosecutor asked:
Q. Now, Officer Pollard if you can now go to case number 412-303 what is the conviction in 412-303?
A. First degree robbery.
*792 Q. Can you tell the date of release in case number 412-303?
A. It’s going to be March 7, 2001.
Q. Officer Pollard, in your opinion the person who was convicted in case number 433-575 and also case number 412-303 is what person?
A. Yes, my opinion, yes.
Q. Who is that person?
A. Deitray Lomax.
However, the State did offer additional proof of identity via that portion of the trial transcript in Case no. 471-564, Section “L” (the present case) in which the defendant was convicted of possession of heroin (La. R.S. 40:966(0(1)) on May 7, 2009. In Case no. 471-564 the defendant admitted he pled guilty to simple robbery in 2002 and to first degree robbery in 2000. Exhibit 5, Vol. 1 of 2, p. 252. See also State v. Lomax, 2009-1129 p. 6 (La.App. 4 Cir. 3/24/10), 35 So.3d 396, 400, writ den., 2010-0935 (La.11/12/10), 51 So.3d 2. Consequently, the State has proved the defendant’s identity as one and the same person who pled guilty to first degree robbery in Case no. 412-303.
16When, as in this case, a prior conviction resulted from a guilty plea, the State must show that the defendant was advised of his constitutional rights, and that he knowingly waived those rights pri- or to the guilty plea, as required by Boy-kin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Shelton, 621 So.2d 769 (La.1993). If the defendant denies the allegation of the bill of information, the State has the burden of proving the existence of the prior guilty pleas, and that the defendant was represented by counsel. Shelton, 621 So.2d at 779.
In this case, the defendant did not file a written response to the multiple bill, nor did he object to the State’s use of his prior convictions during the multiple bill hearing. Rather, prior to the conclusion of the multiple bill hearing, the defendant filed a Motion to Quash on the grounds that “the State failed to prove that the defendant was properly advised of his rights in his prior conviction(s).” The Motion to Quash is couched in conclusory language rather than an explanation of the factual basis for his claim. Consequently, the issue has not been preserved for appeal. La.C.Cr.P. art. 841A.
However, even if the issue were properly before this Court, the defendant is not entitled to relief because the State has borne its burden of proof.
For Case no. 433-574, the State offered the minute entry of October 31, 2002, memorializing the defendant’s plea of guilty and enumerating the rights the judge explained to the defendant, as well as a certified copy of the defendant’s “Waiver of Rights Plea of Guilty Form” indicating that the defendant, represented by counsel, appeared before Judge Dennis J. Wal-dron and pled guilty to simple robbery. The waiver of rights form is signed and initialed by the defendant in the appropriate places acknowledging that he was giving up his rights to trial by judge 17or jury, presumption of innocence, to present and confront witnesses, right to remain silent and appeal. Moreover, the form contains Judge Waldron’s signature accepting the guilty plea as having been knowingly, intelligently, freely and voluntarily made by the defendant.
Likewise, in Case no. 412-303, the State produced a minute entry dated April 3, 2000, memorializing the defendant’s plea of guilty and the trial court judge’s explaining of the defendant’s rights. The State also presented a copy of the defendant’s “Waiver of Rights Plea of Guilty Form” indicting that the defendant, represented by counsel, appeared before Judge Sharon *793 Hunter and pled guilty to first degree robbery. The guilty plea form is signed and initialed by the defendant in the appropriate places acknowledging that he was giving up his rights to trial by judge or jury, presumption of innocence, to present and confront witnesses, right to remain silent and appeal. The form contains Judge Hunter’s signature attesting to the defendant’s acknowledgement that the guilty plea was given freely and voluntarily with the full understanding of his rights because he was in fact guilty of first degree robbery. Accordingly, the defendant’s argument concerning the identity issue is without merit.
As to the defendant’s contention that he must have a grand jury indictment relative to his multiple offender status, the Louisiana Supreme Court in State v. Alexander, 825 So.2d 777, 778-779 (La.1976) has made it clear that the constitutional requirement of a grand jury indictment in capital cases or cases punishable by life imprisonment does not apply to the institution of enhanced-penalty proceedings under La. R.S. 15:529.1. Id. The grand jury’s function is to inquire into an offense and to indict for an offense if the evidence so indicates. Id. at 779. The Alexander court explained that “[t]he constitutional classification of Rfelonies for initiation of prosecution is founded upon the general penalty applicable to the substantive crime charged ... not upon any enhanced penalty to which any particular individual might be subject because of his prior convictions [Pjost-conviction enhanced-penalty proceedings have no functional relationship to the innocence or guilt of the crime for which prosecution is initiated either by grand-jury indictment or by bill of information.” Id.
Turning to the defendant’s right to jury trial on the multiple bill, this court has determined that no constitutional right to a jury trial exists in multiple bill proceedings because all of the elements necessary to enhance the sentence “can be determined by reviewing the documents submitted in support of the multiple bill of information.” State v. Vincent, 2010-0764, p. 11 (La.App. 4 Cir. 1/19/11), 56 So.3d 408, 415 citing State v. Smith, 05-0375, pp. 3-5 (La.App. 4 Cir. 7/20/05), 913 So.2d 836, 839, citing Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
Nevertheless, the defendant contends that Shepard v. U.S., 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), along with Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), require that there be a jury trial on the issues of identity, ten year lapse, whether the predicate offenses occurred before the present offense, and whether the predicate offense fit the enumerated aggravating convictions. In Apprendi, the U.S. Supreme Court stated that “[ojther than the fact of a prior conviction [Emphasis added.], any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Apprendi, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435. This rule was reiterated by the U.S. Supreme Court in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The United States Supreme Court clearly has made an exception for prior convictions. Thus, under Apprendi, the defendant’s prior convictions were not required to be submitted to a jury. This assignment is meritless.

ASSIGNMENT OF ERROR NUMBER 2

In a second assignment of error the defendant argues that the trial court imposed an excessive sentence. He argues his sentence is excessive considering his *794 age (twenty-nine years), the relatively small amount of drugs he possessed (seven foils of heroin) and his criminal history. Further, he argues that the trial judge failed to consider the La.C.Cr.P. art. 894.1 sentencing guidelines.
In State v. Landry, 2003-1671, pp. 7-9 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240, this Court set forth the standard for reviewing an excessive sentence claim:
La. Const, art. I, § 20 explicitly prohibits] excessive sentences. State v. Baxley, 94-2982, p. 4 (La.5/22/95), 656 So.2d 973, 977. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Francis, 96-2389, pp. 6-7 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461. However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. Baxley, supra. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 676. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Baxley, 94-2982 at p. 10, 656 So.2d at 979.
In reviewing a claim of excessive sentence, an appellate court generally must determine whether the trial judge adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1 and whether the sentence is warranted under |10the facts established by the record. State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189. If adequate compliance with La.C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense charged. State v. Bonicard, 98-0665, p. 3 (La.App. 4 Cir. 8/4/99), 752 So.2d 184, 185.
However, in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819 this Court stated:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Landos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
In State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676-77, the Louisiana Supreme Court said:
A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut the presumption of constitutionality. [Citation omitted.]
[[Image here]]
[T]o rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
*795 [he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
When determining whether the defendant has met his burden of proof by rebutting the presumption that the mandatory minimum sentence is constitutional, Inthe trial judge must also keep in mind the goals of the Habitual Offender Law. The major reasons the Legislature passed the Habitual Offender Law were to deter and punish recidivism. Under the statute the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the State’s laws. He is subjected to a longer sentence because he continues to break the law.
A conviction for possession of heroin carries a sentence of imprisonment at hard labor for not less than four years and not more than ten years. La. R.S. 40:966(0(1). In this case, under the Habitual Offender Law, because the third offense is for a violation of the Uniform Controlled Dangerous Substance Law punishable by imprisonment for ten years or more, and the two underlying offenses are crimes of violence, the defendant faced a mandatory sentence of life imprisonment. La. R.S. 15:529(A)(3)(b).
The trial judge in this case did not articulate reasons for the sentence; however, the omission of any reasons for judgment is irrelevant under these circumstances. In State v. Jefferson, 2004-1960 (La.App. 4 Cir. 12/21/05), 922 So.2d 577, this Court rejected the defendant’s argument that it should vacate the mandatory minimum sentence imposed because the trial court failed to mention any reasons for sentencing, including any sentencing factors enumerated in La.C.Cr.P. art. 894.1, stating that although the 894.1 sentencing factors must be considered in each case, “ ‘[w]hen the statute provides for a mandatory sentence, it is an exercise in futility for the trial court to enumerate its reasons for sentencing.’ ” Jefferson, p. 37, 922 So.2d at 603 (citing State v. Green, 99-2847, p. 8 (La.App. 4 Cir. 11/29/00), 779 So.2d 835, 840; State v. Brooks, 2000-2337, p. 3 (La.App. 4 Cir. 4/10/02), 817 So.2d 288, 290).
112However, denying the defendant’s motion for downward departure from the mandatory minimum sentence on May 21, 2010, the trial judge in the present case noted:
... given the defendant’s history, it appears that the lengthy sentence required in this case was designed by the legislature for an offender with precisely the violent history present with this defendant, (emphasis supplied).
The record herein supports the trial court’s foregoing conclusion. In Case no. 412-303, the defendant was originally charged with two counts of armed robbery (La. R.S. 14:64) and two counts of first degree robbery (La. R.S. 14:64.1), but only pled guilty to the amended charge of first degree robbery.
Likewise, in Case no. 433-575, the State initially charged the defendant with carjacking (La. R.S. 14:64.2), but the defendant pled guilty to the lesser charge of simple robbery.
Finally, according to the docket master in the record, the defendant was born in 1981. Consequently, youth is not a mitigating factor in this case.
Accordingly, the defendant has not presented any proof that the mandatory life sentence herein is an unconstitutionally excessive sentence. This assignment has no merit.
*796 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
HABITUAL OFFENDER CONVICTION AND SENTENCE AFFIRMED.

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. According to the multiple bill filed on June 4, 2009, the defendant pled guilty to simple robbery on October 31, 2002 in case no. 433-575 "F", and to two counts of first degree robbery on April 3, 2000, in case no. 412-303 "C". Moreover, at trial the defendant testified that he pled guilty to first degree robbery in 2000 and to simple robbery in 2002.