723 So.2d 1049 (1998)
STATE of Louisiana
v.
Framan GROGAN.
No. CR98-98.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
Michael Harson, Lafayette, Calvin Eugene Woodruff, Jr., Abbeville, for State of Louisiana.
Harold Dewey Register, Jr., Lafayette, for Framan Grogan.
Before WOODARD, PETERS, and GREMILLION, Judges.
PETERS, Judge.
The defendant, Framan Grogan, was convicted by a jury of distribution of cocaine, a Schedule II drug as defined in La.R.S. 40:964(A)(4), a violation of La.R.S. 40:967(A)(1). He was then sentenced by the trial court to serve five years at hard labor. The defendant appeals his conviction, asserting six assignments of error. Because we find an error that requires that we reverse *1050 the conviction, set aside the sentence, and remand for further proceedings, we need not consider the assignments of error.
The defendant was charged with having distributed cocaine on November 7, 1991, to Jerry Stutes, an Acadia Parish deputy sheriff operating as an undercover narcotics officer for the Vermilion Parish Sheriff's Office. He was charged by bill of information on February 8, 1995, and he entered a not-guilty plea to the charge. The trial began on May 14, 1997, and resulted in a guilty verdict. On September 8, 1997, the defendant was sentenced to serve five years at hard labor.
La.Code Crim.P. art. 920 establishes the scope of appellate review in a criminal case and provides:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In this case, we have examined the record as required by La.Code Crim.P. art. 920(2) and find an error that requires a reversal and remand of this matter.
During the jury selection proceedings, a prospective juror inquired of the trial court whether a private discussion could be had. The trial court granted the request, and a chambers conference was held wherein the inquiring juror as well as two others were privately questioned concerning their ability to serve as jurors.[1] The chambers proceedings were recorded, and counsel for the state and defendant were allowed to question the three individuals. However, despite his request to be present, the defendant was excluded from the chambers proceedings.
La.Code Crim.P. art. 831(A)(3) provides that "a defendant charged with a felony shall be present ... [a]t the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror...." Further, in May of 1997, La. Const. art. 1, § 17(A) provided in part that "[t]he accused shall have the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily." (Emphasis added).
Following examination by the state and defense counsel, all three prospective jurors were excused. The trial court excused Mr. Petry for cause on its own motion and without objection, excused Ms. Adams for cause on the motion of the state and over the objection of the defendant's counsel, and excused Ms. Plowden on its own motion and over the objection of the defendant's counsel. The defendant was not present in chambers at any time during the interrogation process.
In rejecting the defense counsel's request to have the defendant present during the chambers interrogation, the trial court made the following comment:
My ruling is going to be it is a crucial part of the jury selection process, but he is here in court. He has you to tell him what these people are saying. You may leave the room at any time to confer with him. You may choose to tell him whatever advice you need to give him. And I don't believe that we are depriving him from participating in the process at all.
We do not find that the right to confer with defense counsel is a substitute for the constitutional right granted by La. Const. art. 1, § 17(A) or the procedural mandate of La. Code Crim.P. art. 831.
Although there is no evidence that the defendant was prejudiced by the chambers interrogation of the prospective jurors, the proceedings were conducted for the express purpose of determining whether the jurors were qualified to serve in this matter. The defendant's absence from these proceedings is not harmless error. See State v. Granier, 570 So.2d 77 (La.App. 4 Cir.1990); State v. Lewis, 531 So.2d 1169 (La.App. 4 Cir.1988).

*1051 DISPOSITION
For the foregoing reasons, the conviction is reversed, the sentence is set aside, and the case is remanded for retrial.
REVERSED AND REMANDED.
NOTES
[1] The original request for a private conference came from prospective juror Elworth Petry. Although the record does not reflect additional requests, after the lunch break, prospective jurors Monique Adams and Etheline Plowden were also questioned in chambers.