786 So.2d 862 (2001)
STATE of Louisiana
v.
Framan GROGAN.
No. 2000-1800.
Court of Appeal of Louisiana, Third Circuit.
May 2, 2001.
*863 Calvin E. Woodruff, Jr., Assistant District Attorney, Abbeville, LA, Counsel for State of Louisiana.
Harold D. Register, Jr., Lafayette, LA, Counsel for Defendant Framan Grogan.
Court composed of DOUCET, Chief Judge, THIBODEAUX, and SULLIVAN, Judges.
DOUCET, Chief Judge.
The Defendant, Framan Grogan, was convicted by a jury of distribution of cocaine, a violation of La.R.S. 40:967(A)(1). He was sentenced to serve five years at hard labor. The Defendant appealed his conviction which was reversed, the sentence set aside, and the case remanded for further proceedings. State v. Grogan, 98-98 (La.App. 3 Cir. 12/9/98); 723 So.2d 1049.
In lieu of a second trial, the Defendant entered a plea of nolo contendre to the charge of distribution of cocaine on December 6, 1999. Prior to sentencing, the Defendant filed a Motion to Withdraw Guilty Plea on May 11, 2000. A hearing on the motion was held on July 27, 2000, and the motion was subsequently denied. On August 21, 2000, the Defendant filed a writ with this court seeking review of the trial court's ruling denying his motion to withdraw his guilty plea, review of the amount and type of bond set by the trial court and review of the effectiveness of his counsel when he entered his plea of no contest to the drug charge. The Defendant's writ was denied on August 29, 2000. State v. Grogan, an unpublished opinion bearing docket number 00-1168 (La.App. 3 Cir. 8/29/00).
The Defendant was sentenced on October 12, 2000, to serve five years at hard labor. The Defendant now seeks review of his conviction and sentence, setting forth eight assignments of error.

FACTS:
"The defendant was charged with having distributed cocaine on November 7, 1991, to Jerry Stutes, an Acadia Parish deputy sheriff operating as an undercover narcotics officer for the Vermilion Parish Sheriff's Office." State v. Grogan, 98-98, p. 1 (La.App. 3 Cir. 12/9/98); 723 So.2d 1049, 1050.

ERRORS PATENT:
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. Our review of the record reveals no errors patent.

ASSIGNMENTS OF ERROR NOS. 1 AND 2:
By these assignments, the Defendant contends that the trial court erred in denying his motion to withdraw his guilty plea and subsequently convicting him of "possession with intent to distribute cocaine." The record indicates that the Defendant's plea was to the charge of distribution of cocaine as opposed to possession with intent to distribute cocaine, and thus, this appears to be an error on behalf of the Defendant. Accordingly, all references to the Defendant's conviction pertain to the charge of distribution of cocaine.
Specifically, the Defendant asserts that his plea of no contest was the result of a breached plea bargain agreement. The Defendant argues that intense pretrial negotiations were held with the court prior to trial and "[i]t was abundantly clear that *864 Appellant would do no jail time." As a result of these negotiations, the Defendant claims he entered a plea of no contest with the understanding that he would do no jail time. The Defendant also complains that after he entered his plea, a second presentence investigation report was ordered and recommended mandatory jail time which was contradictory to his original presentence investigation report.
La.Code Crim.P. art. 559 permits a court to allow a defendant to withdraw a guilty plea before sentencing. The discretion to allow withdrawal of the guilty plea lies with the trial court and such decision cannot be disturbed unless abuse or arbitrary exercise of that discretion is shown. State v. Walton, 98-1433 (La.App. 3 Cir. 3/24/99); 738 So.2d 36, writ denied, 99-1195 (La.10/1/99); 748 So.2d 434. Abuse of the trial court's discretion can be corrected on appeal. State v. Calhoun, 96-0786 (La.5/20/97); 694 So.2d 909. On appeal, a trial court's denial of a motion to withdraw a guilty plea will not be reversed if the record clearly shows that the defendant was informed of his rights and of the consequences of his plea, and the plea was entered voluntarily. State v. Guzman, 95-444 (La.App. 5 Cir. 11/15/95); 665 So.2d 512, writ denied, 95-2853 (La.2/28/96); 668 So.2d 366.
The transcript of the Defendant's plea reveals that the trial court specifically told the Defendant that counsel for the State and defense were unable to agree on a plea recommendation; thus, a presentence investigation report was ordered and the Defendant's sentencing delayed. When asked by the trial court whether he understood the meaning of a plea recommendation, the Defendant responded "yes sir." Thus, it appears the Defendant was aware at that point that no agreement with respect to his sentence on the charge had been reached. At a later point during the hearing, the trial court gave the Defendant an opportunity to ask any questions about what the court had discussed up to that point; the Defendant stated he had no questions. The transcript further reveals that the Defendant answered no, when questioned about whether any offers had been made in return for his plea. Near the conclusion of the hearing, the Defendant told the trial court that it was still his desire to plead no contest. Lastly, the transcript reveals that the Defendant's sentencing was reset specifically because there was no sentencing recommendation.
At the hearing on the Defendant's motion to withdraw his plea, the Defendant submitted into evidence copies of his presentence investigation reports dated August 15, 1997, and March 27, 2000, to be considered by the trial court, defense exhibits 1 and 3. In the Defendant's first presentence investigation report dated August 15, 1997, a suspended sentence with supervised probation was recommended. The Defendant's subsequent presentence investigation report dated March 27, 2000, reflects that the court was prohibited from suspending the Defendant's sentence under La.Code Crim.P. art. 893 because it was a second felony conviction in violation of the Uniform Controlled Dangerous Substance Law and was punishable by a term of imprisonment for more than five years.
Assistant District Attorney Woodruff was the first to testify at the hearing and stated that he prosecuted the Defendant in 1997 and had reviewed both presentence investigation reports. Woodruff confirmed that the first report indicated that the Defendant was eligible for a suspended sentence whereas the second report reflected that he was not eligible. Woodruff maintained that he discussed the Defendant's plea but never talked about a sentencing deal. He stated that his understanding was that the Defendant would *865 plead guilty; the State would make no sentence recommendation; a presentence investigation would be requested; and the case would be submitted to the court for its decision regarding the Defendant's sentence. In his plea negotiations with the Defendant, Woodruff did not recall any conversations in which they agreed to limit the Defendant's punishment to six months of home incarceration despite the outcome of the presentence investigation report. He asserted that he could not have made such an agreement because it would have violated a provision of the law, which he had no authority to override. Woodruff concluded his testimony stating that he made no commitment to any sentence of any length or duration because he was prohibited from doing so.
Next, the Defendant testified that under the terms of his plea agreement, he understood that he would receive six months of home incarceration. In response, the State referred to the transcript of the Defendant's original sentencing hearing held on September 8, 1997, wherein the trial judge clearly explained to the Defendant that because his crime was a second felony conviction involving a drug related charge, he was not permitted to grant a suspended sentence under the provisions of La.Code Crim.P. art. 893. The Defendant admitted that he understood what the trial judge had told him, that is that he could not suspend any of his sentence.
Harold Register, the Defendant's present counsel and his counsel at the time he entered his plea, testified that all persons involved in the negotiations were aware of the "technical language in the law." However, Mr. Register maintained that the pretrial negotiations centered around keeping the Defendant from "doing jail time." It was Mr. Register's understanding that despite the outcome of the Defendant's presentence investigation report, they were going to keep him from doing jail time "by way of an amended charge or some special arrangement at least for keeping him from doing jail time." Mr. Register further testified that the Defendant's case was "a classic misunderstanding of the plea agreement," that his pretrial discussions held off the record were wrong and that the Defendant should not suffer as a result. Lastly, Mr. Register concluded that he based his advice upon his reliance upon the State that the Defendant would not receive jail time. He claimed at the time of sentencing, "all of a sudden nobody remembers what actually took place."
Mr. Woodruff rebutted that there was never any agreement concerning the sentence the Defendant would receive. He maintained that he could not have offered the Defendant a lesser sentence than the law allowed.
A review of the Defendant's guilty plea form indicates that the Defendant was informed of his constitutional rights as well as the range within which he could be sentenced, "imprisonment at hard labor for not less than 5 years, nor more than 10 years; and may in addition, be sentenced to pay a fine of not more than $15,000." The form is signed by both the Defendant and his attorney. Moreover, in its oral reasons for judgment denying the Defendant's motion, the trial court stated the following:
Whether or not the lawyers had an agreement and then that agreement was passed on to Mr. Grogan, this really boils down to Mr. Grogan's discussions with me at the time of taking his offering, the guilty plea.
One of the purposes of having this colloquy, this discussion with the defendant at the time the defendant offers the guilty plea is for the judge to develop *866 some information to make a determination whether or not the plea is knowingly and intelligently and freely and voluntarily offered.
And that was the time for Mr. Grogan to tell me of this agreement that he had in his mind, that he thought he was going to get six months and possibly be able to serve that six months with home incarceration.
If Mr. Grogan had offered that explanation for his guilty plea at that time on the day the trial was scheduled, on the day the witnesses were prepared to go forward then I, like Judge Conque, could have advised Mr. Grogan of the impossibility of that deal. And then, we could have gone forward with the trial. No harm, no foul, no loss.
But for Mr. Grogan on the day he offers the plea to tell me, "No, no deal, this is it, presentence investigation. It's going to be up to you, Judge. It's entirely within your discretion", then on the day of the sentencing when I inform his lawyer as well as the lawyer for the State that, in fact, there is not a possibility for a suspended sentence, for Mr. Grogan on that later date after all the witnesses are gone, to then cry, "Oh, I've been tricked", well, I have to wonder who is doing the tricking.
Based upon the no contest plea colloquy and the plea agreement form, the trial court did not err in denying the Defendant's motion to withdraw his plea. The record does not support the Defendant's contention that the State reneged on a sentencing agreement. Accordingly, these assignments are without merit.

ASSIGNMENTS OF ERROR NOS. 3 & 7:
By these assignments, the Defendant argues that the trial court erred in setting an excessive bond following his plea and pending sentencing and in denying his Motion for Appeal Bond. First, the trial court did set an appeal bond, thus this assignment is moot. Second, as to Defendant's assignment of error number three, it was presented by writ to this court and ruled upon in State v. Grogan, an unpublished opinion bearing docket number 00-1168 (La.App. 3 Cir. 8/29/00). No abuse of discretion was found in the trial court's ruling with regard to the setting of bail. We find no reason to change our ruling on appeal.

ASSIGNMENTS OF ERROR NOS. 4, 5 & 6:
By these assignments, the Defendant complains that the trial court erred in rendering an excessive sentence and in denying his motion to reconsider sentence. Specifically, the Defendant argues that the trial court should have used his discretion and allowed the Defendant's request for a concurrent sentence with the two years he completed on a Texas charge in 1994 and considered the slow response on part of the sheriff's department in filing a fugitive warrant in 1995 for his 1991 offense. The Defendant also maintains that the trial court used "unfounded and unsubstantiated alleged criminal activity in rendering an excessive sentence."
The penalty for distribution of cocaine at the time the offense was committed was five to thirty years at hard labor and an optional fine of not more than $15,000.00. La.R.S. 40:967(B). Thus, the Defendant received the minimum sentence allowed, five years at hard labor.
In his Motion to Reconsider Sentence, the Defendant asserted that the trial judge "should have used his discretion and allow [sic] a concurrent sentence with the two (2) years at hard labor sentence defendant completed on a Texas charge in 1994 and because of the slow response of the Sheriff's Department in filing a fugitive warrant in 1995, when the date of the offense was November 7, 1991." However, *867 the Defendant did not allege in his motion that the trial court considered unfounded and unsubstantiated alleged criminal activity in sentencing him. Pursuant to La. Code Crim.P. art. 881.1, the Defendant's failure to include this specific ground in his motion to reconsider precludes him from urging same for the first time on appeal. Thus, the Defendant's allegation regarding the court's consideration of alleged unsubstantiated criminal activity is not properly before this court and will not be considered herein.
At his sentencing hearing, the Defendant requested the trial court to consider the possibility of ordering a concurrent sentence, i.e., to consider the time the Defendant served in Texas on an unrelated charge and give him credit for same toward the sentence to be imposed for the instant offense. The Defendant also asked the court to consider home incarceration.
The State responded to the Defendant's request for concurrent sentences at the sentencing hearing. The State maintained that according to the Defendant's testimony, he served time in Texas for a 1989 offense. The State urged that the instant offense was committed on November 7, 1991, and even if the Defendant had been in Louisiana and had been amenable to arrest shortly after the incident in 1991, it is unlikely that the sentences could have been run concurrent. The State also argued that the court could not run a sentence for the instant offense retroactive or concurrent with a sentence from another state for which they have no documentation other than the Defendant's presentence investigation report. Lastly, the State averred that the Defendant, a second felony drug offender, was not entitled to the benefits of home incarceration or a halfway house and that the Defendant's sentence must be imposed at hard labor.
The trial court concluded that it did not have the authority to grant the relief sought by the Defendant. The court summarized its reasons for sentencing as follows:
As I have expressed previously, Mr. Grogan has a structural problem. Mr. Grogan is not currently eligible for probation, is not currently eligible for participation in the Impact program, the Boot Camp program.
Mr. Grogan has indicated that after his initial conviction for this offense, he has reformed his life and should, therefore, not be required to serve time in prison. Mr. Grogan has presented testimony today that indicates that he checked to see whether or not there were any active warrants for him before he returned to Louisiana, returning to this area, and after learning that there were no active warrants he came here to resume his life.
It may very well be that if Mr. Grogan had stayed in Texas and not returned to Louisiana or had visited another state and made another state his home, he would not be in this circumstance. That may very well be the case, but that is not what is. He came here, he was arrested, and later convicted for the same offense, which gets us to where he is now: A convicted felon, not eligible for probation, with a mandatory minimum sentence for this offense of five years at hard labor.
In the previous trial and previous conviction, that was the sentence he received, five years at hard labor. I have not learned anything in my involvement in this case that would cause me to believe that that is not the appropriate sentence in this case.
La.Code Crim.P. art. 883 grants the trial court discretion to order concurrent sentences for unrelated offenses. *868 Also, La.Code Crim.P. art. 883.1 provides that the trial court may order a sentence to run concurrent to a sentence imposed in another state. However, Article 883.1 provides for sentences to be served simultaneously. In the instant case, the Defendant had already completed his sentence for his conviction in Texas before asking the court to run his present sentence concurrent to time served for his Texas conviction.[1] Lastly, "[w]here the convictions stem from separate incidents involving different victims and occur over a lengthy period of time, the resulting consecutive penalties will generally not be found to be an abuse of that discretion. State v. McCray, supra."[2]State v. Porter, 29,638, p. 6 (La.App. 2 Cir. 9/24/97); 700 So.2d 1058, 1062, writ denied, 97-2674 (La.2/13/98); 706 So.2d 993.
Accordingly, we find that the trial court did not abuse its sentencing discretion. The Defendant received the minimum sentence allowed by law and the record reflects a factual basis for same. These assignments are, likewise, without merit.

ASSIGNMENT OF ERROR NO. 8:
By this assignment, the Defendant asserts that he had ineffective assistance of counsel. Counsel for the Defendant in the instant appeal also represented the Defendant during plea negotiations. He maintains that he represented the Defendant in all fairness during plea negotiations wherein the Defendant entered a plea of nolo contendre. He argues, however, that the Defendant relied upon his advice which was based upon negotiations with the State which were not upheld at sentencing. Counsel for the Defendant concludes that the Defendant should not be sentenced on a plea negotiation "with many questions raised as to how Appellant misunderstood the process as well."
The error alleged in this assignment forms the same basis as the Defendant's motion to withdraw his guilty plea set forth in assignments of error numbers one and two. The Defendant maintains that the State misled defense counsel but does not set forth a basis for the allegation of ineffective assistance on behalf of his counsel; he does not allege that defense counsel's actions or lack thereof constituted ineffective assistance of counsel. Thus, this assignment is without merit.

DISPOSITION:
The Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The Defendant's most recent presentence investigation report indicates that he completed his four year prison sentence in Texas.
[2] State v. McCray, 28,531 (La.App. 2 Cir. 8/21/96); 679 So.2d 543.