# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1411

**STATE OF LOUISIANA**

**VERSUS**

**L.A.C.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-135-06
HONORABLE ANNE LENNAN SIMON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

**Michael C. Cassidy**
**District Attorney**
**Stacey C. Naquin**
**Assistant District Attorney**
**Post Office Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**COUNSEL FOR APPELLEE:**
 **State of Louisiana**

**Patricia A. Thomas**
**Post office Box 142**
**205 Charity Street**
**Abbeville, LA 70511-0142**
**(337) 893-6082**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **L. A. C.**

AMY, Judge.

## Factual and Procedural Background

The defendant, L.A.C.,[1] was charged by bill of indictment with aggravated rape. The defendant entered an *Alford* plea to the reduced charge of simple rape, a violation of La.R.S. 14:43.[2] He was sentenced to seventeen years at hard labor without the benefit of parole, probation, or suspension of sentence. Upon the denial of his motion to reconsider sentence, the defendant has perfected this appeal, arguing that his sentence is excessive. For the following reasons, we affirm as amended and remand with instructions.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent.

Louisiana Revised Statutes 15:537(A) provides that a person convicted of or who pleads guilty to a sex offense, including simple rape, "shall not be eligible for diminution of sentence for good behavior." The trial court's failure to deny the defendant diminution eligibility under the statute renders his sentence illegally lenient. Thus, pursuant to *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, and La.Code Crim.P. art. 882, we amend the defendant's sentence to reflect that

---

[1] Pursuant to La.R.S. 46:1844(W), the initials of the defendant and the victim have been used.

[2] According to the facts adduced at the guilty plea hearing:

On or about June 4, 2005, victim, [T.C.], approached her family and reported that her grandfather, the defendant, [L.A.C.], had been molesting her and had raped her both anally, vaginally, and orally. In response to those claims, they brought her to Dr. Maria Fontanz who examined her. As a result of that examination, Dr. Maria's office and the family reported this crime to the Jeff Davis Sheriff's Department and the Lake Arthur Police Department.

diminution eligibility is denied under La.R.S. 15:537(A). We instruct the trial court to make a notation in the minutes reflecting the amendment.

*Excessive Sentence - Remorse*

The defendant argues that the trial court erred in considering lack of remorse when imposing his sentence and that his sentence is excessive as a result thereof.

We note that at his sentencing hearing, the trial court did not state that the defendant lacked remorse for his actions. Rather, the trial court stated that "the defendant has not taken responsibility for his actions." We note that after his sentence was pronounced, the defendant addressed the court, stating: "I'm sorry for what happened to my granddaughter. I hope she's getting counseling for what happened to her[.]" The trial court explained, "I accept that as a mitigating factor, that you didn't want your granddaughter to go through it, but I stand by my sentence for this offense under the Alford plea for this defendant."

Pursuant to La.Code Crim.P. art. 894.1(21), the trial court can consider any relevant aggravating circumstances not otherwise specified in the article. The article does not prohibit the trial court from considering a defendant's lack of remorse. Additionally, the trial court specifically noted as a mitigating factor that the defendant had made statements of remorse. Accordingly, we find no merit in the defendant's assertion that the trial court improperly assessed remorse as a factor at sentencing.

*Excessive Sentence - Victim Impact Statements*

The defendant contends that the trial court "erred in imposing an excessive sentence which imposition was based on inadmissible victim impact evidence and other improper considerations."

2

At the outset, we note that in his motion to reconsider sentence, the defendant did not allege that his sentence was excessive because the trial court considered inadmissible victim impact evidence. Consequently, the defendant is precluded from raising this issue for the first time on appeal. *See* La.Code Crim.P. art. 881.1 and *State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d 862. Because he failed to raise this specific ground in his motion to reconsider sentence, "the defendant is simply relegated to having the appellate court consider the bare claim of constitutional excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993)[.]" *State v. D.M.*, 42,038, p. 11 (La.App. 2 Cir. 5/9/07), 958 So.2d 77, 85.

"La. Const. art. I, § 20 guarantees that, '[n]o law shall subject any person to cruel or unusual punishment.'" *State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original). The penalty for simple rape is imprisonment "with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty-five years." La.R.S. 14:43. Here, the defendant was sentenced to seventeen years at hard labor without benefit of parole, probation, or suspension of sentence. Because the trial court has wide discretion in imposing sentence, this sentence will not be overturned absent a manifest abuse of discretion. *See Barling*, 779 So.2d 1035.

In light of the circumstances of this offense, we cannot say that the trial court abused its discretion in imposing the defendant's sentence. *See State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067.

Furthermore, even had we considered the evidentiary issue raised by the defendant, we find no indication that the trial court acted improperly in admitting the victim impact statements. In brief, the defendant refers to the eligibility requirements of victims pursuant to La.R.S. 46:1843, which states: "A victim has the rights and is eligible for the services under this Chapter only if the victim reported the crime to law enforcement authorities within seventy-two hours of its occurrence or discovery, unless extenuating circumstances exist for later reporting." The defendant alleges that the "requirement of registration is reiterated in [La.R.S. 46:]1844(H) and (T), concerning victim access to pre-sentence investigative reports and eligibility for notice and other rights provided by Chapter 46." Moreover, he points out that under La.R.S. 46:1844(K), a registered victim or family member has the right to make a victim impact statement.

We note that La.R.S. 46:1843 does not require a victim to register to obtain the rights and be eligible for the services provided in Chapter 21-B, Rights of Crime Victims and Witnesses. Rather, the victim need only report the crime to law enforcement authorities within seventy-two hours of its occurrence. Additionally, the registration requirements found in La.R.S. 46:1844(H) and (T) do not preclude a trial court from accepting the statements of unregistered victims or family members. Rather, if a victim or family member wants to exercise his or her right to review and comment on presentence and postsentence reports or to receive notices, then the person must register according to the statute. Otherwise, the trial court would not know if the victim or victim's family member wanted to exercise these rights, and further, the trial court would not have the contact information to disseminate such information to the victim or victim's family member.

4

Likewise, under La.R.S. 46:1844(K), the trial court can allow the victim and the victim's family to make a written and oral impact statement. However, La.R.S. 46:1844(K) provides that the trial court cannot deny the victim and the victim's family this right if they register with the appropriate law enforcement or judicial agency. Thus, the defendant's reasoning and conclusion that the victim or the victim's family member *must* be registered to make a victim impact statement is erroneous.

Moreover, in *State v. Reynolds*, 99-1847, p. 5 (La.App. 3 Cir. 6/7/00), 772 So.2d 128, 131 (quoting *State v. Jones*, 587 So.2d 787, 796 (La.App. 3 Cir.), *writ denied*, 590 So.2d 78 (La.1991) (alteration in original)), this court stated that the "[s]ources of information from which a sentencing court may draw are extensive and the traditional rules of evidence are not bars to consideration of otherwise relevant information." Therefore, we find no error in the trial court's consideration of the victim impact statements submitted by the State, regardless if the victim and her family were registered victims.

## DECREE

For the foregoing reasons, the defendant's sentence is amended to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). The defendant's sentence is affirmed as amended. This matter is remanded to the trial court with instructions to make a notation in the minutes reflecting the amendment.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**