NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1540

STATE OF LOUISIANA

VERSUS

DARROW PATRICK

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-K-1610-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL G. SULLIVAN
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Michael G. Sullivan, and J. David Painter, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

Alfred V. Pavy Boudreaux
Pavy & Bouderaux
116 West Bellevue Street
Opelousas, Louisiana 70570
(337) 942-3466
Counsel for Defendant/Appellant:
    Darrow Patrick

**Earl B. Taylor**
**District Attorney**
**Ladonte A. Murphy**
**Assistant District Attorney**
**Post Office Drawer 1968**
**Opelousas, Louisiana  70571-1968**
**(337) 948-0551**
**Counsel for:**
  **State of Louisiana**

**SULLIVAN, Judge.**

On April 2, 2007, Darrow Patrick was charged by bill of information with possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1). He pled guilty to the charge and was sentenced to serve seven years at hard labor, suspended, and three years of active supervised probation. As a special condition of his probation, Defendant was ordered to serve twelve months in the parish jail and to begin probation upon his release. At the conclusion of the sentencing hearing, Defendant made an oral motion to reconsider his sentence which was denied. The trial court, however, allowed Defendant to have work release set up by the Sheriff's office.

Defendant appeals; he urges that his sentence is excessive.

### Facts

Defendant testified at his guilty plea hearing that he was stopped by a police officer when he was driving to his home on April 2, 2007, and that the police officer searched his vehicle and recovered marijuana, which resulted in his being arrested and charged with possession of marijuana with intent to distribute.

### Errors Patent

In accordance with La.Code Crim.P. art. 920, we have reviewed the record for errors patent and found one. As conditions of his probation, Defendant was ordered to pay a fine in the amount of $500.00 and court costs in the amount of $338.50 and to reimburse the Indigent Defender Board $100.00, but no payment plan was established. A trial court's failure to establish a payment plan for fees ordered to be paid as conditions of probation has been held to be an error patent. *State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016. Accordingly, we remand this case

1

to the trial court with the instruction that the trial court impose a payment plan for these fees. The plan may be determined by the trial court or formulated by Probation and Parole and approved by the trial court. *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597.

***Excessive Sentence***

In his sole assignment of error, Defendant argues that his sentence is excessive; he complains that the trial court failed to adequately perform a presentence investigation, which would have evaluated his work history, his actions while remaining in the general public, and his overall good behavior since his arrest for the instant offense.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

When deciding whether a sentence shocks our sense of justice or makes no meaningful contribution to acceptable penal goals, this court:

[M]ay consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784[, p. 2] (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Possession of marijuana with intent to distribute carries a sentence of five to fifty years at hard labor, at least five years of which must be served without benefit of probation or suspension of sentence, and a possible fine of up to $50,000.00. La.R.S. 40:966(B)(1). Thus, Defendant's seven-year suspended sentence with one year of imprisonment in the parish jail as a condition of probation was close to the minimum possible sentence, and his fine of $500.00 was only a fraction of the possible maximum fine. Furthermore, the trial court allowed Defendant to participate in the work-release program during his imprisonment at the parish jail.

Defense counsel urged the trial court to consider that Defendant is a first felony offender and eligible for a suspended sentence and probation; the trial court agreed that Defendant is a first felony offender but did not address any other factors before pronouncing his sentence. After sentencing, defense counsel made an oral motion to reconsider Defendant's sentence, restating that Defendant is a first time felony offender and that there were no other pending charges against him. The trial court then referred to Defendant's "rap sheet," observing that Defendant had been arrested in 1998 and 1999 for contempt of court and in 2002 for possession with intent to

3

distribute cocaine, and denied the motion. Counsel then asked whether Defendant was eligible for work release, and the trial court granted the request.

We do not find Defendant's sentence disproportionate to his crime of possession of marijuana with intent to distribute. The trial court considered the mitigating and aggravating factors applicable to Defendant, including the fact that he is the father of two children and gainfully employed, and imposed a suspended sentence and allowed Defendant to participate in the work-release program during his twelve months of confinement in the parish prison. While Defendant is considered a first felony offender, his seven-year suspended sentence is nowhere near the maximum sentence he could have received for his conviction. This assignment is without merit.

In his oral motion to reconsider sentence, Defendant did not assert that the trial court failed to perform an adequate presentence investigation. Pursuant to La.Code Crim.P. art. 881.1(E), Defendant's failure to include this specific ground in his motion to reconsider precludes him from urging it for the first time on appeal; therefore, this complaint is not properly before the court and will not be considered. *See State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d 862.

***Disposition***

Defendant's sentence is affirmed; however, the case is remanded for the trial court to establish a payment plan for the fine, court costs, and reimbursement to the Indigent Defender Board. Pursuant to *Stevens*, 949 So.2d at 600, the payment plan "may be determined by the trial court or formulated by Probation and Parole and approved by the trial court."

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

4

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal.  Rule 2-16.3.