# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 08-132

STATE OF LOUISIANA

VERSUS

JESSE J. MILLER

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72089-72094
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### MARC T. AMY
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders and Marc T. Amy, Judges.

**AFFIRMED.**

William E. Tilley
District Attorney
Post Office Box 1188
Leesville, LA   71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
    State of Louisiana

Terry Wayne Lambright
100 S. Third Street, Suite A
Leesville, LA   71446
(337) 239-6557
COUNSEL FOR APPELLEE:
    State of Louisiana

Mark O. Foster
Louisiana Appellate Project
Post Office Box 2057
Natchitoches, LA   71457
(318) 572-5693
COUNSEL FOR DEFENDANT/APPELLANT:
    Jesse J. Miller

AMY, Judge.

## Factual and Procedural Background

The defendant, Jesse J. Miller, was charged in separate bills of information with possession of cocaine, in violation of La.R.S. 40:967(C)(2); operating vehicle while license is suspended, in violation of La.R.S. 32:415; failure to obey a stop sign, in violation of La.R.S. 32:231; flight from an officer, in violation of La.R.S. 14:108.1; reckless operation of a vehicle, in violation of La.R.S. 14:99; and failure to wear a seatbelt, in violation of La.R.S. 32:295.1. Pursuant to a plea agreement, the defendant pled guilty to possession of cocaine and driving under suspension; the remaining charges were dismissed. For the possession of cocaine conviction, the defendant was sentenced to four years in the parish jail. He was sentenced to six months in the parish jail for the driving under suspension conviction. The sentences were ordered to run concurrently. Following a bench conference, it was brought to the trial court's attention that the parish jail did not have the facilities to take care of the defendant's medical needs. Accordingly, the trial court sentenced the defendant for the possession of cocaine conviction to four years at hard labor to run concurrently with six months in the parish jail for driving under suspension.

Upon the denial of his motion to reconsider sentence, the defendant perfected this appeal, designating the following as error:

1. The sentence imposed by the trial court was cruel, unusual, and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974.

2. The amendment of the sentence at hard labor sentence, solely because of Mr. Miller's physical disabilities, violated his constitutional protections against discrimination based on physical conditions.

3. The amendment of the sentence to a hard labor sentence, following an unrecorded bench conference, violated Mr. Miller's right to have an appeal based on a complete record of all of the

> evidence upon which the abrupt decision to change his sentence
> was made.

For the following reasons, we affirm.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent. However, a procedural issue must be addressed.

In his motion for appeal and designation of the record, the defendant sought to appeal docket numbers 72089-72094, which the trial court granted. However, the charges in docket numbers 72091, 72092, 72093, and 72094 were dismissed and, thus, are not before this court. Additionally, docket number 72090 (driving under suspension) is a misdemeanor conviction for which the proper mode of appellate review is an application for writ of review rather than an appeal. *See* La.Code Crim.P. art. 912.1. In *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084, the defendant appealed two felony convictions and one misdemeanor conviction. He did not make any specific arguments with regard to his misdemeanor conviction. This court severed the misdemeanor conviction from the appeal and ordered the defendant to file a writ of review regarding the misdemeanor conviction in compliance with the Uniform Rules of Court. The court considered the notice of appeal as a notice to file a writ of review within thirty days of its opinion if the defendant desired to seek review of any misdemeanor conviction.

As in *Turner*, the defendant has not raised any assignment of error regarding his misdemeanor conviction. Therefore, in line with *Turner*, we sever the

2

misdemeanor conviction from the appeal and order the defendant to file a writ of review regarding the misdemeanor conviction in compliance with the Uniform Rules of Court, should he so desire.

*Excessive Sentence*

The defendant argues that his sentence is excessive, "particularly in light of the fact that the trial court erred in failing to review mitigating factors relevant to a reduced sentence[.]"

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court articulated the standard for reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Louisiana Revised Statutes 40:967(C)(2) provides that the penalty for possession of a controlled dangerous substance is imprisonment with or without hard labor for up to five years and, in addition, a possible fine of up to five thousand dollars.

When imposing sentence, the trial court remarked:

A PSI was ordered. I have received that pre-sentence report and reviewed it in determining sentence today plus the factors outlined under Code of Criminal Procedure Art. 894.1 and the following specific factors. Was economic harm caused in this case? This is a drug case and there is always economic harm in general to society when one uses drugs. The Court finds no substantial grounds tend to exist that would tend to excuse or justify his conduct. He was not provoked by anyone to do this, he acted on his own free will and accord. He is sixty-nine years old. He is married, he has seven children. He is in poor health. He has mental and physical problems and the medical records reflect that, which consist of -- not all inclusive but anxiety, depression, rotator cuff surgery, back surgery, surgery on his knees, he has trouble sleeping, takes medication, that kind of thing. He also currently receives a [sic] disability benefits. He did serve in the U.S. Army from 1957 through 1981. He completed the eleventh grade. He admits to the use of marijuana and cocaine since the age of eighteen. He has entered drug treatment programs in 1995, 1996, 1998 and September of 2007. He has a prior criminal record. In Brighton, Texas, 1971 assault and battery conviction. 1978 in Vernon Parish he has a possession of marijuana conviction. November of '97 Newton County, Texas he has a possession of marijuana conviction. November of '99 Leesville City Court possession of marijuana conviction two counts of loitering. In May of 2003 in Hardy County, Texas assault causing bodily injury. November of '99 Leesville City Court speeding and contempt of court. November of '99 in the Thirtieth J.D.C. attempted possession of cocaine, 2 ½ years ordered to serve with D.O.C. and that was suspended and he was placed on four years probation. That probation was revoked in May of '04 due to the use of drugs and possession of a firearm. Then in November of 2004 the Thirtieth J.D.C. he has a speeding and no driver's license conviction. He appears before the Court today as a valid second felony offender. He has had his probation revoked in the past. The Court doesn't feel he is likely to respond favorably to probationary treatment. His history doesn't prove that out. He has continued to use drugs while on probation in the past. The Court feels he is in need of correctional treatment in a custodial environment. A lesser sentence would deprecate the seriousness of his offense. I've considered some things in determining sentence, first of all I've considered his age, second of all I've considered his medical condition.

. . . .

Your sentence was not enhanced under the enhancement provisions of the law.

After reviewing the record, we find that the defendant's sentence is not excessive. The defendant received a significant benefit from entering into the plea

4

agreement in that several charges were dismissed. Furthermore, the record shows that the trial court noted as mitigating factors, the defendant's age and his medical condition. The trial court also considered certain aggravating factors, i.e., the defendant's status as a second felony offender and the seriousness of the crime. Thus, the trial court adequately complied with La.Code Crim.P. art. 894.1. Given the circumstances, we find that the trial court did not abuse its discretion in imposing the defendant's sentence. *See State v. Graham*, 35,184, p. 6 (La.App. 2 Cir. 10/31/01), 799 So.2d 645, 650, *writ denied*, 02-59 (La. 11/8/02), 828 So.2d 1114 (wherein the second circuit found that the defendant's sentences for distribution of cocaine and possession of cocaine were not excessive, "considering that his physical condition did not stop Graham from selling cocaine.")

This assignment is without merit.

*Physical Disabilities*

The defendant argues that his sentence should not have been amended to a hard labor sentence solely because he is physically disabled. He contends that discrimination based on his physical condition violates La.Const. art. 1, § 3 and La.Const. art. 1, § 12.

We note that the defendant did not argue this issue in his motion to reconsider sentence; nor did he lodge an objection in the trial court. Consequently, he is precluded from raising this issue for the first time on appeal. *See* La.Code Crim.P. art. 881.1 and *State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d 862. Accordingly, this claim is not properly before this court and will not be considered.

5

*Complete Record*

In his last assignment of error, the defendant alleges that the amendment of his sentence to a hard labor sentence, following an unrecorded bench conference, violated his right to have an appeal based on a complete record.

At the sentencing hearing, the following discussion took place:

BY THE COURT:

It would be the sentence of the Court on 72,089, possession of cocaine, that you serve 4 years in the Vernon Parish Jail. You will be given credit for time served. And, then, on 72,090, driving under suspension, it would be the sentence of the Court that you serve 6 months in the Vernon Parish Jail to run concurrent with 72,089. Any appeal you desire to take, sir, must be filed within thirty days. Any post-conviction relief must be filed within two years of the date the sentence and conviction become final.

BY MR. SKINNER [Assistant District Attorney]:

Your Honor, may I approach the bench?

BY THE COURT:

Yes, sure.

(AFTER BENCH CONFERENCE)

BY THE COURT:

Okay. It's been pointed out to the Court that perhaps the Vernon Parish Jail [doesn't] have the facilities to take care of this man with his health problems. I'm going to make it at hard labor then, credit for time served. Driving under suspension 6 months in the Vernon Parish Jail to run concurrent with 72,089. Any appeal you desire to take, sir, must be taken within thirty days of today's date. Any post-conviction relief must be filed within two years from the date the conviction and sentence become final. Your sentence was not enhanced under any enhancement provision of the law.

BY MS. NELSON [Defense counsel]:

And, Your Honor, just note our objection to the jail sentence for the record, thank you.

BY THE COURT:

> Your sentence could be subject to diminution for good behavior.
> Your objection is so noted, ma'am.

The record does not indicate that the defendant objected to the unrecorded bench conference. His failure to do so precludes him from urging same for the first time on appeal. *See* La.Code Crim.P. art. 841 and *State v. Blank*, 04-204 (La. 4/11/07), 955 So.2d 90, *cert. denied*, __ U.S. __, 128 S.Ct. 494 (2007). Consequently, this issue is not subject to review.

## DECREE

For the foregoing reasons, the defendant's sentence for possession of cocaine is affirmed.

**AFFIRMED.**