12-395

STATE OF LOUISIANA

VERSUS

KEVIN RUSSELL MARTIN

**********
APPEAL FROM THE
THIRY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, DOCKET NO. CR-2011-2
HONORABLE STEVE GUNNELL, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Chief Judge Ulysses Gene Thibodeaux, and Judges Sylvia R. Cooks and Elizabeth A. Pickett.

REMANDED FOR EVIDENTIARY HEARING.

Pickett, J., dissents and assigns written reasons.

ATTORNEY FOR DEFENDANT/APPELLANT
The Doran Law Firm
Pride Doran
P.O. Box 2119
Opelousas, LA 70571
(337) 948-8008
Attorney For Kevin Martin

ATTORNEY FOR PROSECUTOR/APPELLEE
Bennett R. Lapoint
Asst. District Attorney, Jefferson Davis Parish
P.O. Box 1388
Jennings, LA 70546
(337) 824-3311
Attorney For State of Louisiana

**Cooks, Judge**

## PROCEDURAL HISTORY

Kevin Russell Martin (Defendant), was charged by bill of information with possession of cocaine over 400 grams. He initially entered a plea of not guilty and demanded a jury trial. Prior to the commencement of trial, Defendant and the State met in chambers with the trial judge to discuss the State's offer of a plea bargain. After the jury *voir dire*, Defendant informed the trial court he wished to change his plea and entered a plea of *nolo contendre*. In accordance with the plea bargain agreement, Defendant entered a plea of no contest to possession of cocaine with intent to distribute. In conformity with the terms of the plea agreement, Defendant was sentenced to serve ten years in the custody of the Department of Corrections, the first two years to be without benefit of parole, probation, or suspension of sentence.

On the same morning as he appeared for sentencing, Defendant filed a motion to appoint Mr. Pride Doran (Doran) as his attorney of record, replacing his previously retained attorney. Defendant moved to withdraw his guilty plea stating only that his plea was not knowingly and voluntarily entered. Defendant did not offer any evidence to support his claim nor did he elaborate on any alleged specifics forming the basis of his motion to withdraw his guilty plea. The trial court allowed Doran to enroll as counsel of record for Defendant and denied Defendant's motion to withdraw his guilty plea. The trial judge articulated his reasons for denying the motion stating: "Well, the Court is very familiar with the case. I went through an extensive [B]oykinization with Mr. Martin and his attorney to make sure that his - - his plea was knowingly and voluntarily made." Defendant objected to the trial court's ruling and gave notice of his intent to appeal. Defendant is before this court challenging the voluntariness of his plea.

**FACTS:**

The statement of facts given at the plea proceeding is as follows:

[O]n or about December the 19th of 2010, the defendant, Kevin Russell Martin, was driving a motor vehicle on Interstate 10 in our parish when he was stopped by State Trooper Chance Thomas for failure to dim his lights. When the officer came into contact with him, he noticed that he had a female passenger in the vehicle with him named Lanessa Bipelegha. The officer noticed that he was extremely nervous, and that he was speaking loud so that the passenger could hear what he was saying. He was driving a rental vehicle that was rented by him - - by himself, Mr. Kevin Russell Martin. He avoided eye contact with the officer, and the officer also smelled an overwhelming odor of grape air freshener emanating from the inside of the vehicle. Trooper Thomas asked for and was granted consent to search the vehicle. They thoroughly searched the vehicle and found approximately a little over two (2) kilograms of cocaine concealed in the battery in the vehicle. Mr. Martin, at the time, had approximately nine hundred dollars ($900.00) cash on his person and had a small child in the vehicle with him. When he was asked, Mr. Martin, who was from San Antonio, Texas, told the officer that he was going to Atlanta, Georgia, to meet with a cousin.

. . . the defendant, Mr. Martin, gave a written statement to state police exonerating the female occupant of the vehicle and admitting to the officers that he was getting paid three thousand dollars ($3,000.00) to drive the vehicle for some other third person, and that this was not - - this was the second time that he had done this act.

The State introduced a lab report as evidence demonstrating that the substance obtained from Defendant's rented vehicle was in fact cocaine and amounted to a total weight of 2,141.5 grams of cocaine. The State also introduced a voluntary statement by Defendant as evidence of the charged offense. In that statement Defendant stated:

I was told if I meet a person in Louisiana I would get paid 3 thousand dollars, alls (sic) I had to do is Drive to that person. I didn't get any specifics didn't know what the car contained I did it once before. I asked my girlfriend if she would drive with me and she said yes, she had no involvement or knew nothing about what I was doing. Just wanted my kids to have a good Christmas.

**ASSIGNMENT OF ERROR NO. 1:**

Defendant requests this court review the record for errors patent. All appeals are reviewed for errors patent on the face of the record in accordance with the provisions of La.Code Crim.P. art. 920. After reviewing the record, we find there are no errors patent on the face of the record.

**ASSIGNMENT OF ERROR No. 2:**

Defendant alleges the trial court erred in failing to grant his motion to withdraw his guilty plea as it was not knowingly and voluntarily made. Although Defendant did not allege any factual basis in support of his motion in the trial court, he contends on appeal that his plea was not knowingly and voluntarily entered because he was incorrectly advised that he would not be eligible for good-time release if he was convicted of the more serious offense with which he was originally charged. He asserts it "cannot be reasonably argued that this was not an important factor in his consideration of the plea offer." Accordingly, he requests this court reverse the trial court's ruling and enter a judgment in his favor.

In response, the State asserts the trial court's mistake regarding Defendant's ineligibility for parole, probation, or suspension of sentence was made during the pretrial conference where Defendant was advised of the State's plea offer and advised of the possible consequences if he was convicted of the charged offense. The State maintains Defendant was properly "Boykinized" thereafter and was not informed at that point that he would be ineligible for good-time on the original charge. The colloquy in the record reflects Defendant was informed as to the specifics of the plea agreement correctly. The misinformation regarding the penalties for the original offense charged were not repeated by the trial judge orally; however, the written form made part of the plea hearing, signed by

3

Defendant, incorrectly indicates that the penalty for the offense originally charged is "imprisonment, at hard labor, not less than 15 years, not more than 30 years, *without the benefit of parole, probation, or suspension of sentence*, a fine of not more than 250-600k or both." (emphasis added) This information was incorrect. In the margin on this form is the hand-written notation, "2-w/o benefit 15 yrs" an apparent reference to the proposed plea agreement. Further, the State asserts, Defendant benefitted from the plea by receiving a much shorter sentence and no monetary fine. The State points out at the motion to withdraw his plea, Defendant introduced no testimony or evidence that the misstatement by the trial court affected his decision in any way. The State notes Defendant's argument at the hearing was simply that withdrawal of the plea would be fair and just asserting only that the guilty plea was not knowingly and voluntarily entered. Accordingly, the State contends the trial court did not abuse its discretion in denying Defendant's motion to withdraw his plea as he neither presented evidence to support his allegation nor offered any factual basis in support of his motion.

The record reflects that prior to the commencement of jury selection, in discussing a plea offer by the State, the trial judge in-chambers informed Defendant that if he was found guilty of possession of cocaine over 400 grams, he faced a hard labor sentence of not less than fifteen nor more than thirty years. Additionally, he informed him that he could be fined not less than $250,000.00 nor more than $600,000.00. The judge also, at that time, informed Defendant that at minimum, he would have to serve fifteen years without benefit of parole, probation, or suspension of sentence. This information was not correct. In this exchange Defendant was indeed misinformed as to the potential sentence he would receive if convicted of the original, more serious, criminal offense.

4

When the judge first asked Defendant in chambers whether he understood the sentence the State was recommending in conjunction with the plea agreement, Defendant said he was confused. Defense counsel then stated for the court that the plea offer was ten years with benefits. He said he explained to Defendant that he was eligible for the "good time rule" which was thirty-five days for every thirty served or roughly four years and ten months before he would be eligible for good time release. The prosecutor explained that the plea offer was to an amended charge of possession of cocaine with intent to distribute, which would get Defendant "around the provision of without benefit of parole, probation, or suspension of sentence." When Defendant was asked if he understood this, he said he did not. The court then explained the plea offer to Defendant. The State would allow him to plead to the amended charge of possession of cocaine with intent to distribute, he would serve ten years in the Department of Corrections, and he would be eligible for good time and parole. The judge said:

> All right. So you're looking at a little less than five (5) years; whereas, if you go to trial and you are found guilty as charged, which I understand you're going forward as charged . . . .
>
> . . . .
>
> --*you would have to serve fifteen (15) years minimum. You could not be eligible for parole or good time or anything. You'd have to serve the fifteen (15) years before they would even entertain a release date for you, okay.* (emphasis added)

The judge then encouraged Defendant to speak to his attorney because trial was to commence later that day. Court recessed at that point and later resumed with jury selection.

During *voir dire*, Defendant indicated he wished to change his plea to a *nolo contendre* plea to the amended charge of possession of cocaine with intent to distribute. The trial judge explained in detail to Defendant that by pleading no

5

contest, he was giving up his right to a trial, the prohibition against self-incrimination, his right to confront his accuser, his right to compulsory process, and his right to appellate review. Defendant acknowledged he understood.

Before sentencing, new defense counsel, Doran, filed a Motion to Withdraw Guilty Plea contending Defendant's plea was not knowingly and voluntarily entered. Counsel appeared in court for a hearing on the motion and stated it was his understanding the court was going to deny the motion, but he informed the court he had a copy of the motion "for completion of the record purposes." He then explained:

> The basis of the motion, Your Honor, is per its wording that Mr. Martin asserts that his guilty plea was not knowingly and voluntarily made at the time and respectfully suggests to the Court that withdrawal would be fair and just under the circumstances. There's really no argument further than that, Your Honor, that we'd be inclined to offer at this time, so –

The judge denied the motion, noting that he went through an extensive Boykinization with Defendant and his attorney to ensure his plea was knowingly and voluntarily made. Counsel did not present any argument or evidence to the trial court regarding the claim that Defendant was misinformed about his good-time eligibility.

In *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, the defendant claimed on appeal that the trial court failed to notify the defendant of the sex offender registration requirements rendering his no contest plea involuntary. Thus, counsel contended that the trial court erred in denying the motion to withdraw his plea of no contest. This court noted:

> Initially, we note that the argument regarding the sex offender registration requirements was never presented to the trial court in support of the motion to withdraw the plea. Instead, the defendant relied on the alleged statement made by the victim. In light of the testimony given by Vanity Edmonds and the arguments presented to

6

the trial court, we find that the trial court did not abuse its discretion when it denied the defendant's motion to withdraw his no contest plea. *See* La.Code Crim.P. art. 559; *State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01); 786 So.2d 862. However, due to the constitutional nature of the defendant's argument that his plea was not freely and voluntarily entered, we will consider whether the trial court's failure to inform the defendant of the sex offender registration requirement invalidated his no contest plea under the particular facts and circumstances of this case. *See State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98); 716 So.2d 36.

*Id.* at 1099.

As in *Williams*, we find the trial court did not abuse its discretion in denying the motion to withdraw the plea of no contest as Defendant offered nothing in support of his motion. The record demonstrates Defendant was properly "Boykinized," and there was no obvious indication at the plea proceeding that his plea was involuntarily entered. However, for the reasons discussed in *Williams*, we must now consider whether the misinformation regarding good-time eligibility at two stages of the proceedings, including at the plea proceeding on the written form, rendered Defendant's plea invalid.

Defendant would have been eligible for diminution of sentence for good behavior for a conviction of possession of over four hundred grams of cocaine, the offense with which he was originally charged.[1]

In *State ex rel. Miles v. State,* 02-1843 (La.App. 3 Cir. 9/5/03), 855 So.2d 732, the supreme court held:

> Granted. The district court is ordered to appoint counsel for relator and to hold a hearing at which it will determine whether misinformation with regard to relator's eligibility for diminution of sentence pursuant to La.R.S. 15:571.3 ("good time") constituted a material inducement for his guilty plea to armed robbery which

---

[1] The State concedes that the trial judge mistakenly told the Defendant that he would not be eligible for good-time. At the time of the commission of the offense, the guilty plea, and sentencing, La.R.S. 15:571.3 did not deny diminution of sentence for a conviction of possession of cocaine over four hundred grams.

precluded relator from entering a knowing and voluntary guilty plea "with eyes open," *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942), and entitles him to withdraw that plea. *See State ex rel. Aleman v. State*, 99-0488 (La.10/1/99), 745 So.2d 602.

Recently, in *State v. Dugas*, an unpublished opinion bearing docket number 11-165 (La.App. 3 Cir. 4/25/12), this court was presented with an issue similar to the one presented in this case. The defendant claimed on appeal that the trial court misinformed him that he would receive the same sentence for his second habitual offender offense as he had received for the underlying offense. The defendant argued that the sentence imposed for his underlying offense of forgery had no restrictions on probation or suspension of sentence and that it appeared he was also eligible for diminution of sentence. He contended that once sentenced as a habitual offender, he was no longer eligible for these benefits. Thus, he contended his sentence was not in accordance with the plea agreement that he would receive the same sentence. He requested remand for a hearing at which he should be allowed to plead anew or withdraw his plea and proceed to trial if he so desired. This court noted that a sentence for forgery does not restrict eligibility for diminution of sentence, but a habitual offender sentence meeting the criteria of La.R.S. 15:571.3(C) does. Accordingly, this court concluded the defendant was not entitled to diminution of sentence as a habitual offender, but he would have been eligible on his underlying conviction of forgery. This court ordered the trial court "to appoint counsel for Defendant, and to hold a hearing at which the trial court will determine whether Defendant's eligibility for diminution of sentence affected the knowing and voluntary entry of his guilty plea to the habitual offender bill and entitled him to withdraw that plea." *Id.* at 14.

8

In *State v. Clark*, 97-1064 (La.App. 3 Cir. 4/1/98), 711 So.2d 738, 742, this court stated the following in its decree:

> For the above reasons, we remand this case with instructions that the trial court (1) conduct an evidentiary hearing within thirty days of this date to determine whether defendant knowingly and intelligently waived his right to trial by jury and (2) re-lodge the appellate record, supplemented with a transcript of the hearing, within fifteen days of the hearing. The State and defendant will be given the opportunity to file supplemental briefs, should either party wish to raise any issues arising from the hearing.

The procedure in *Clark* was revised in *State v. Fuslier*, 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866. Accordingly, we remand this case and order the trial court to conduct an evidentiary hearing within thirty days of the date of this opinion to determine whether the misinformation regarding Defendant's eligibility for diminution of sentence for the charge of possession of over 400 grams of cocaine vitiated his no contest plea to the amended charge of possession with intent to distribute cocaine and entitles him to withdrawal of that plea. The trial court is further ordered to prepare and lodge an appellate record with this court that contains the transcript of the above-referenced evidentiary hearing within ten days of the hearing. Once this record is lodged with this court, the State and Defendant will be given the opportunity to file briefs should either party wish to raise any issue arising from the hearing.

**REMANDED FOR EVIDENTIARY HEARING.**

STATE OF LOUISIANA

VERSUS

KEVIN RUSSELL MARTIN


**PICKETT, J., dissenting.**

The defendant has had an opportunity to be heard in the trial court.  At that hearing, he had the burden of proving that his guilty plea was not knowingly and voluntarily made.  The record is clear that he failed to meet that burden of proof. Therefore, his conviction should be affirmed.